PER CURIAM.
Appellee Arthur Sudbury, plaintiff below, a licensed real estate salesman of Harry E. Robbins Associates, Inc., recovered a judgment for $12,500 against Robbins, defendant below. The judgment represented Sudbury’s one-half share of a $25,000 commission paid to Robbins by the owner of the “Hillview Property,” which was sold to John Saunders. Sudbury’s claim was asserted and tried on the basis that he was the procuring cause of the sale to Saunders.
The case was heard by the court in a nonjury trial. Our examination of the record reveals that there is substantial, competent evidence to support the trial court’s judgment; however, one aspect of the case raised by Robbins merits discussion. Robbins argues that the trial court erred in deeming its answer to Paragraph 7 of the Amended Complaint as an admission that Sudbury was the procuring cause of the sale.
Sudbury’s Amended Complaint alleged in Paragraph 7:
*344 Plaintiff was working with a John Saunders on the purchase of two properties which he did, in fact, purchase and Plaintiff was the procuring cause of the sale.
Before trial defendant Robbins moved to strike that paragraph as being irrelevant and immaterial. The court denied the motion. Thereafter, Robbins’ Answer to Paragraph 7 of the Amended Complaint alleged:
Defendant admits that Plaintiff was involved in the sale of two properties involving John Saunders and that Plaintiff was deemed the procuring cause of the sale of same. Defendant would further show the court that all the allegations of paragraphs [sic] 7 are irrelevent [sic] and immaterial to this cause of action.
At the beginning of the trial, the court observed that Robbins admitted Sudbury was the procuring cause of the sale; therefore, the trial judge stated that- it was unnecessary for the plaintiff to establish this fact. Counsel for Robbins disagreed and moved to amend the answer, but the court ruled it was too late. Nevertheless, throughout the trial the court heard extensive evidence on the issues involved, including the question of whether Sudbury was the procuring cause of the sale of the Hill-view Property to Saunders. Later in the trial, before Harry E. Robbins, president of the defendant corporation, was called as an adverse witness by Sudbury, defense counsel explained to the judge that the admission in Robbins’ answer related to properties other than the Hillview Property involved in the suit.
At the close of the trial, the court directed that, in lieu of oral arguments, counsel furnish the court memoranda on the law and copies of cases cited. Counsel submitted memoranda, which focused largely on the law concerning procuring cause on the sale of real estate. The trial judge later entered final judgment in favor of Sudbury, awarding him one-half of the commission.
In view of the explanation of counsel for Robbins, we think it was error for the trial judge to have observed that the pleadings established procuring cause. However, our review of the transcript persuades us that such ruling was harmless error. As noted, the trial judge allowed the parties to present extensive evidence concerning the procuring cause of the sale as well as memoranda discussing this issue. Moreover, the trial judge indicated in the final judgment that he heard the testimony and evidence presented and considered the exhibits and memoranda in arriving at his decision.
On cross-appeal appellee asks that we order the trial court to amend the judgment to include prejudgment interest in its award of $12,500 to plaintiff. We find no request was made for prejudgment interest in the plaintiff’s pleadings; therefore, we find no error in the trial court’s failure to include it in the final judgment.
Accordingly, we affirm the judgment of the trial court.
SCHEB and DANAHY, JJ., concur.
GRIMES, A.C.J., dissents with opinion.