560 So.2d 798 (1990)
Johnny Kent FOLMAR, Jr., Individually, and As Father and Next Friend of His Minor Children Johnny Kent Folmar, III and Jennifer Michelle Folmar, and As Personal Representative of the Estate of Mary Jean Folmar, Deceased, Appellant,
v.
Valerie Ann YOUNG, Laura Boulston, World Omni Leasing, Inc., a Florida Corporation, Appellees.
No. 88-2571.
District Court of Appeal of Florida, Fourth District.
February 6, 1990.
Rehearing and Certification Denied May 30, 1990.
Arthur M. Wolff of Wolff & Gora, P.A., and James A. Weck of Weck & Weck, P.A., Fort Lauderdale, for appellant.
Joe N. Unger of the Law Offices of Joe N. Unger, P.A., Miami, for appellee-World Omni Leasing, Inc.
Michael J. Murphy of Gaebe, Murphy, Mullen & Antonelli, Coral Gables, amicus curiae for Ryder Truck Rental, Inc.
LETTS, Judge.
The question presented by the plaintiffs in a cause of action arising out of an automobile accident is whether the lessor under a long-term "Closed End Vehicle Lease Agreement and Disclosure Statement" was liable under the Florida Dangerous Instrumentality Doctrine. The trial judge entered a final summary judgment holding that the lessor was immune from liability *799 under section 324.021(9)(b), Florida Statutes (1987), which exempts a lessor if the lease is for a year or longer, and requires the lessee to obtain certain insurance coverage. We affirm.
Section 324.021(9) defines the minimum automobile liability insurance requirements. Under the statute, the following factors constitute exemptions precluding the lessor from financial responsibility for acts of drivers:
(9) OWNER; OWNER/LESSOR. 
(a) Owner.  A person who holds the legal title of a motor vehicle; or, in the event a motor vehicle is the subject of an agreement for the conditional sale or lease thereof with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee, or in the event a mortgagor of a vehicle is entitled to possession, then such conditional vendee or lessee or mortgagor shall be deemed the owner for the purpose of this chapter.
(b) Owner/Lessor.  Notwithstanding any other provision of the Florida Statutes or existing case law, the lessor, under an agreement to lease a motor vehicle for 1 year or longer which requires the lessee to obtain insurance acceptable to the lessor which contains limits not less than $100,000/$300,000 bodily injury liability and $50,000 property damage liability; further, this subsection shall be applicable so long as the insurance required under such lease agreement remains in effect, shall not be deemed the owner of said motor vehicle for the purpose of determining financial responsibility for the operation of said motor vehicle or for the acts of the operator in connection therewith.
The plaintiffs argue that the statute requires that each lessee must carry liability insurance of $100,000/$300,000 and property damage insurance of $50,000, and point out that while there is more than one lessee in the case at bar, only one of them obtained the insurance. In other words, they claim the insurance financial responsibility coverage is "per lessee" and not simply "per vehicle." However, they cite no authority for this proposition and we only have the statutory language from which to make a determination. When reading a statute, courts should give language its ordinary meaning and common usage. Rinker Materials Corp. v. City of North Miami Beach, 286 So.2d 552 (Fla. 1973), Holly v. Auld, 450 So.2d 217 (Fla. 1984). Here, the plain meaning of the statute is that each lease agreement requires insurance in the stated minimum amounts. We find no language indicating that each lessee must secure separate insurance coverage.
The next argument is that section 324.021(9) exempts the lessor only from sanctions for failing to meet the financial responsibility laws related to a motor vehicle covered by liability insurance. The plaintiffs again cite section 324.021(9). They claim that the pertinent portion of that provision is "for the purpose of determining financial responsibility." The plaintiffs contend that the foregoing phrase relates only to the issue of whether the lessor is subject to the sanctions set forth in section 324.051.
Such an argument requires this court once again to construe the foregoing statute, and we must look not only at the plain language of the statute, but also its history. Carawan v. State, 515 So.2d 161 (Fla. 1987). Although section 324.021(9) is in the financial responsibility chapter, we do not believe that the specific penalties provided for in section 324.051 apply. Section 324.051 clearly concerns sanctions against individuals in automobile accidents who do not have insurance coverage. We believe that the financial responsibility discussed in section 324.021(9) concerns financial responsibility imposed by the dangerous instrumentality doctrine, not statutory penalties for failing to provide proof of financial responsibility. Moreover, there would have been no need to enact section 324.021(9)(b) to require $100,000/$300,000 coverage if its only purpose was to exempt lessors from section 324.051 which requires $10,000/$20,000 coverage.
*800 We conclude that section 324.021(9) constitutes an exception to the dangerous instrumentality doctrine in the case of long-term lessors. To support this theory, the lessor cites to the legislative history of this section. On the floor of the House, the arguments against adoption of the amendment were stated by Representative Woodruff:
Ladies and gentlemen, what Mr. Meffert is trying to do is he's trying to get certain people out from responsibility as having an ownership of an automobile, at the present time, Florida has a dangerous instrumentality rule and people go out and rent automobiles and ... they [the rental company] don't want to have to pay in case that individual has a wreck as they would presently have to pay under the State of Florida.
* * * * * *
I think what we are being asked to do here on this amendment is to change the law of Florida as it relates to the liability of the owner of an automobile. As most of you know under current law, and I think the law of all states, the owner of an automobile is financially responsible for any damages caused when that automobile is involved in an accident ... As I understand the amendment as it's been explained on the House floor, it would say that the lessor of the automobile, the owner who is allowing someone else to use it would be avoiding that liability.
In the legislative discussions concerning this amendment, the representatives repeatedly discussed the fact that leases for more than one year are nothing more than alternative methods for financing the purchase of a car. As Representative Gallagher stated:
What he is saying is that we are treating a lease that is for one year or more very similar to a purchase, and that's what it is, that's the latest way of handling cars is to lease them.
Representative Silver stated:
Many times its to the advantage of businesses to lease automobiles for a year or more, all it is, is a tax advantage to that particular business.
He later added:
Most of the people who are doing this type of arrangement are doing it as an alternative financing arrangement.
Under these circumstances, there is no reason to distinguish between the liability of the person who sells the vehicle as opposed to the lessor who leases it. As Representative Upchurch stated:
If you buy that Chevrolet or Ford or what have you, the dealer delivers that car and he has no more liability. But if he leases it to you for a long-term, he has liability. What this amendment will do, is treat the dealer the same whether he leased you the car for a long time or if he sells you the car.
With respect to the adoption of the $100,000/$300,000 bodily injury liability and $50,000 property damage liability insurance requirements, Representative Meffert stated:
[I]t requires financial responsibility in a minimum amount of $100,000/$300,000 limits which doesn't exist now, if you went to the bank and borrowed the money and bought the car you wouldn't have to carry any liability insurance, if you used this alternative financing, you've got to carry $100,000/$300,000 liability, it also provides that if the insurance is not in effect this subsection is not operable. So we've protected those things ... this is a good amendment. It's very important  it simply covers what has been wrongly done in the past, and it provides that when you use this alternative financing arrangement, that you will have the incidence of ownership with the person that has it, that is the lessee. We also in doing that require them to maintain more financial responsibility than anyone else in the state.
Additionally, the legislators specifically addressed their concern over the imposition of double premiums upon the lessee. Under the previous statutory scheme, both the lessee and the lessor were obtaining liability coverage. As Representative Upchurch stated:

*801 The leasing company must carry the liability insurance on every one of those cars, the individual who rents the car has to carry liability insurance for every one of those cars, and the bottom line is that the guy who leases the car is paying for all the insurance and he's paying for it double ... and so this will save you from paying for double insurance if you lease a car, same as you wouldn't have to pay for double insurance if you purchase a car.
Mr. Dudley added:
As it now exists, there is an additional premium cost to the lessor, what we're trying to do is eliminate that cost which the resulting savings would accrue to the lessee. We believe that the effect of this bill is to make less cost to the consumer or the lessee.
Fla. H.R., tape recording of proceedings (June 6, 1986) (on file with Clerk) (statements from floor debate).[1]
In conclusion, the legislature by this amendment was attempting to limit liability under the dangerous instrumentality doctrine for long-term lessors. The plain language of the statute and the legislative history indicate that section 324.021(9) was enacted to limit the liability of lessors under the dangerous instrumentality doctrine, and we so hold.
It is also argued that the statute is unconstitutional as violative of article I, section 21 of the Florida Constitution, which provides for the right of access to the courts. Although several circuit courts have held that section 324.021(9) is unconstitutional, the Second District in Perry v. G.M.A.C. Leasing Corp., 549 So.2d 680 (Fla. 2d DCA 1989), recently held that the statute was not unconstitutional. The reasoning of the court was that section 324.021(9) does not place a cap on damages. It only mandates that a long-term lessor shall not under certain circumstances be deemed the owner. The statute does not limit or cap a plaintiff's right to recover damages from the lessee. We, therefore, do not believe the statute violates article 1, section 21, although it is true that it eliminates a possible deep-pocket.
It is also argued that the statute is constitutionally infirm because it violates plaintiffs' due process and equal protection rights. As to this, the test is whether a statute bears a reasonable relationship to a permissive legislative objective and is not discriminatory, arbitrary or oppressive. Village of North Palm Beach v. Mason, 167 So.2d 721 (Fla. 1964); Loxahatchee River Environmental Control District v. School Board of Palm Beach County, 496 So.2d 930 (Fla. 4th DCA 1986), affirmed, 515 So.2d 217 (Fla. 1987). The legislation was enacted, in part, to eliminate the imposition of double premiums. Although the plaintiffs argue that the statute creates a discriminatory classification, since lessors remain liable on short-term leases, the legislative history indicates that leases exceeding one year are nothing more than alternative financing agreements which provide a tax advantage to the lessee. Therefore, there is a rational basis for the classification. It would not appear to be unfair to excuse the long-term lessor from vicarious liability when the lessor has no control over the vehicle. See also Kraemer v. General Motors Acceptance Corporation, 556 So.2d 431 (Fla. 2d DCA 1990).
Accordingly, we uphold the constitutionality of the statute.
AFFIRMED.
HERSEY, C.J., and WARNER, J., concur.
NOTES
[1] The language quoted above is the house debate on Senate Bill 902 which was culled by the appellees from a transcript of the tape of the floor debate. This court has not played the tape, but presumes the accuracy of the transcript since no protest was lodged by the appellants.