847 So.2d 579 (2003)
BUDGET RENT-A-CAR SYSTEMS, INC., Appellant,
v.
Eddie BENNETT, as Personal Representative of the Estate of Ladarren L. Darden, et al., Appellees.
No. 3D01-3174.
District Court of Appeal of Florida, Third District.
June 18, 2003.
*580 Richard A. Sherman (Ft. Lauderdale); Michael P. Rudd, Miami; Marlow, Connell, Valerius, Abrams, Adler & Newman and Rosemary B. Wilder, Coral Gables, and Williams G. Edwards, for appellant.
Alldredge & Jones and Melvin C. Alldredge; Larry R. Handfield; Podhurst Orseck and Joel S. Perwin; Freshman, Freshman & Traitz and Lawrence Freshman, Miami; Rouson & Pellarchy and Darryl E. Rouson (St. Petersburg), for appellees.
Billing, Cochran, Heath, Lyles & Mauro, Fort Lauderdale, and Parenti, Falk, Waas, Hernandez & Cortina for the Florida Defense Lawyers Association as amicus curiae; Frank A. Shepherd for Pacific Legal Foundation as amicus curiae.
Before LEVY, RAMIREZ, and WELLS, JJ.
PER CURIAM.
Appellant/Defendant Budget Rent-A-Car Systems, Inc. ("Budget") appeals from an order granting Summary Final Judgment to the Appellees/Plaintiffs on the basis that Chapter 99-225, Laws of Florida, violates the single-subject requirement of Article III, Section 6 of the Florida Constitution. We reverse.
On November 5, 1999, a resident of Miami rented an automobile for a term of less than one year from Budget. On November 10, 1999, the automobile was involved in an accident. Four passengers were killed, and one was seriously injured. The Plaintiffs brought wrongful death actions and an action for personal injury against Budget as the vicariously liable vehicle owner under Florida's dangerous instrumentality doctrine.
After the filing of the Complaints, Budget informed the Plaintiffs that pursuant to Section 324.021(9)(b)(2), Florida Statutes (1999), which limits the liability of short term lessors for motor vehicles, its maximum liability to the Plaintiffs was $800,000.00, and offered to tender that amount. However, the Plaintiffs filed a Complaint for Declaratory Judgment, contending that Section 324.021(9)(b)(2) was unconstitutional because it violated their right of access to courts, trial by jury, equal protection, due process, and the single-subject rule under the Florida Constitution. Both parties filed Motions for Summary Judgment on the constitutionality of Chapter 99-225, Laws of Florida, and Section 324.021(9)(b)(2), Florida Statutes (1999). The trial court entered an Order which granted summary judgment in favor of the Plaintiffs, concluding that Chapter 99-225, Laws of Florida, in which Section 324.021(9)(b)(2) is comprised, "in its entirety violates the single-subject requirement of Article III, § 6 of the Florida Constitution because it embraces more than one subject." This appeal follows.
There is a strong presumption in favor of the constitutionality of statutes. See Burch v. State, 558 So.2d 1, 3 (Fla.1990) (citing State v. Kinner, 398 So.2d 1360, 1363 (Fla.1981)). All doubt will be resolved in favor of the constitutionality of a statute, and an act will not be declared unconstitutional unless it is determined to be invalid beyond a reasonable doubt. See id. at 3 (citing Kinner, 398 So.2d at 1363). Budget contends that the trial court erred in finding that Chapter 99-225, Laws of *581 Florida, violates the single-subject rule. Budget further argues that Section 324.021(9)(b)(2) itself violates no provision of the Florida Constitution. We agree with Budget for the reasons set forth by the First District Court of Appeal in Enterprise Leasing Co. South Central, Inc. v. Hughes, 833 So.2d 832 (Fla. 1st DCA 2002). In Enterprise Leasing, the First District reversed a trial court's determination that Chapter 99-225 was unconstitutional, concluding that Chapter 99-225 does not violate the single-subject rule. See id. at 834-36. Moreover, the Court also held that Section 324.021 does not violate (1) a plaintiff's right of access to courts, (2) a plaintiff's right to trial by jury, and (3) the equal protection and due process clauses of the Florida Constitution. See id. at 836-39. Accordingly, this cause is reversed and remanded to the trial court for proceedings consistent with this Opinion.
Reversed.