867 So.2d 1241 (2004)
James Wallace McELROY and Progressive Insurance Company, Appellants,
v.
Alisha WHITTINGTON, by and through her parent and guardian, Petrina Whittington, and Petrina Whittington, individually, Appellees.
No. 4D02-3698.
District Court of Appeal of Florida, Fourth District.
March 17, 2004.
Christopher N. Bellows and Daniel S. Pearson of Holland & Knight LLP, Miami, for Appellants.
Jane Kreusler-Walsh and Rebecca Mercier-Vargas of Jane Kreusler-Walsh, P.A., West Palm Beach, and Eric Hewko of The Hewko Firm, North Palm Beach, for Appellees.
STEVENSON, J.
Appellants, James Wallace McElroy and Progressive Insurance Company, challenge an order of the circuit court assessing attorney's fees and costs in favor of appellees, Alisha Whittington and her mother, Petrina Whittington, after the Whittingtons prevailed in a personal injury claim against McElroy. Because the proposal for settlement upon which the attorney's fee award was based did not comply with the rule, we reverse.
Procedural Background
The complaint was brought for Alisha Whittington, by and through her parent *1242 and guardian, Petrina Whittington, and by Petrina Whittington, "individually." Count I was brought on behalf of Alisha Whittington and alleged that she suffered personal injury and other damages as a result of McElroy's negligence. Count II was brought by Petrina Whittington for past and future medical expenses due to Alisha's medical treatment as a result of the accident.
On December 1, 2000, the Whittingtons served McElroy with a demand for judgment in the amount of $300,000.00, which included attorney's fees. Specifically, the settlement proposal stated in part:
2. The party making this proposal is the Plaintiffs, ALISHA WHITTINGTON, by and through her parent and guardian PETRINA WHITTINGTON, and PETRINA WHITTINGTON, individually, and is making this proposal and demand to the Defendant, JAMES WALLACE McELROY, to resolve any and all claims for damages and injuries of the Plaintiffs, ALISHA WHITTINGTON, by and through her parent and guardian PETRINA WHITTINGTON, and PETRINA WHITTINGTON, individually, arising out of the cause of action which is the subject of the above styled action. (emphasis added).
A year later, on January 2, 2002, and shortly before trial, McElroy moved to strike the demand on the basis that it was "defective" because "[t]he amount was in the single, total figure of Three Hundred Thousand Dollars ($300,000.00) with no differentiation between the individual claims of the Plaintiffs." The motion was never set for hearing.
By the time trial commenced on January 15, 2002, Alisha was over eighteen years of age and entitled to pursue her own claim. The trial court indicated that it would state the caption of the case as Alisha Whittington and Petrina Whittington. Neither party objected to this procedure. The final judgment subsequently entered awarded a recovery to both Plaintiffs, stating "IT IS ADJUDGED that Plaintiffs recover the sum of One million, five hundred and six thousand, two hundred fifty-four and 12/100 dollars ($1,506,254.12) from Defendants, JAMES WALLACE McELROY, and PROGRESSIVE AMERICAN INSURANCE COMPANY ...." (emphasis added).
The Whittingtons timely served a motion for fees under section 768.79, Florida Statutes, and rule 1.442. McElroy objected to any fee entitlement because the Whittingtons' settlement offer did not specify an amount for each individual. The trial court granted the motion and awarded attorney's fees on August 7, 2002. We reverse.
Discussion
After the trial court's ruling, the Florida Supreme Court settled conflict between the First, Third and Fifth Districts on the question of whether offers of judgment made by multiple offerors must apportion the amounts attributable to each offeror. See Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276 (Fla.2003). The court, noting that rule 1.442 was amended in 1996 to require greater detail in settlement proposals, stated that
"A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party."

Id. at 278 (quoting amended rule 1.442(c)(3) (emphasis added), and citing In re Amendments to Fla. Rules of Civil Procedure, 682 So.2d 105, 107 (Fla.1996)(effective Jan. 1, 1997)). The court further held that
*1243 This language must be strictly construed because the offer of judgment statute and rule are in derogation of the common law rule that each party pay its own fees. A strict construction of the plain language of rule 1.442(c)(3) requires that offers of judgment made by multiple offerors must apportion the amounts attributable to each offeror. We therefore hold that under the plain language of rule 1.442(c)(3), an offer from multiple plaintiffs must apportion the offer among the plaintiffs.
Id. at 278-79 (citations omitted).
To parry the holding in Willis Shaw, appellees cite Barnes v. The Kellogg Co., 846 So.2d 568 (Fla. 2d DCA 2003). There, Barnes filed a lawsuit against The Kellogg Company and Albertson's, Inc., after she allegedly ate a bowl of cereal containing live insects. Kellogg and Albertson's presented a joint proposal for settlement to Barnes. Barnes did not accept the settlement and the trial court ultimately dismissed the case with prejudice because it determined that Barnes had committed a fraud upon the court. Subsequently, the trial court awarded fees pursuant to the offer of settlement rule.
On appeal, Barnes argued that the proposal for settlement was defective because the two defendants made a unified offer, which prevented her from accepting the offer from one defendant or the other. See id. at 569. The Second District recognized that typically a proposal to or from two or more plaintiffs, each having a separate claim of their own, or a plaintiff's collective proposal to two or more defendants who have varying degrees of liability and may have rights to contribution between or among one another, would be unenforceable if not apportioned. See id. at 571. However, the court held that, under the facts of the case, the unified offer was permissible because the damages sustained by the plaintiff could not be apportioned between the two defendants.
See id. The court reasoned:
There is no rational method to apportion fault between the strictly liable retailer, who has committed no negligent act, and the manufacturer who produced a product with a hidden defect. In such a case, where the retailer's liability is not based on fault, section 768.81(3), Florida Statutes (1999), does not allow the defendants to apportion damages between themselves. They are jointly and severally liable for all damages. Under these circumstances, we see nothing improper with a joint offer.
Id. at 571-72.
We find Barnes distinguishable from the instant case. Here, no legal theory of liability prevents the separation of the Whittingtons' claims. Although the damages claimed by Petrina and Alisha Whittington were potentially overlapping, they were not coextensive. See Crespo v. Woodland Lakes Creative Retirement Concepts, Inc., 845 So.2d 342, 343-44 (Fla. 2d DCA 2003)(finding that individual proposals for settlement sent by each defendant to the husband and wife were defective for failure to comply with the offer of judgment statute, while plaintiffs were married and pled their claims in the same counts, no theory of liability prevented apportioning the amount offered between them).
Lastly, we reject the Whittingtons' argument that any defect in the form and content of the proposal was waived because McElroy failed to set his motion to strike the offer for hearing prior to trial. Nothing in section 768.79 or rule 1.442 requires that an offeree object to a defective settlement proposal, or set the issue for hearing prior to trial. Indeed, rule 1.442 only provides that the offer is deemed rejected if not responded to within *1244 thirty days of service. See Fla. R. Civ. P. 1.442(f)(1). Moreover, by filing the motion objecting to the proposal, McElroy put the Whittingtons on notice that there was a defect in the proposal prior to trial.[1] We find that as long as the offeree makes the claim that the offer does not comply with the requirements of rule 1.442 prior to the trial court's entry of the final judgment awarding costs and fees, the issue is preserved for appeal.
Accordingly, we reverse and remand with instructions that the award of fees pursuant to the proposal for settlement be vacated.
REVERSED and REMANDED.
POLEN and SHAHOOD, JJ., concur.
NOTES
[1] Additionally, there is no certainty that the trial judge would have been willing to address an issue pre-trial which could potentially be a non-issue post-trial.