872 So.2d 316 (2004)
Ubaldo Vicente SONTAY, Appellant,
v.
AVIS RENT-A-CAR SYSTEMS, INC., a foreign corporation, Fernanda Velasquez, as Mother and Natural Guardian of Jessica Velasquez, Vanessa Velasquez and Nicole Velasquez, minor children, Appellees.
No. 4D03-238.
District Court of Appeal of Florida, Fourth District.
April 14, 2004.
*317 Robert E. Gordon of Gordon & Doner, P.A., Palm Beach Gardens, and Philip M. Burlington of Caruso & Burlington, P.A., West Palm Beach, for appellant.
Angela C. Flowers of Kubicki Draper, Miami, for appellee Ubaldo Vicente Sontay.
Paul D. Jess, Tallahassee, and Steven M. Goldsmith of Steven M. Goldsmith, P.A., Boca Raton, for Amicus Curiae The Academy of Florida Trial Lawyers.
Tracy Raffles Gunn of Fowler, White, Boggs, Banker, Tampa, and Gail Leverett Parenti of Parenti, Falk, Waas, Hernandez & Cortina, P.A., Coral Gables, for Amicus Curiae Florida Defense Lawyers Association.
Alicia L. Rause, Coral Gables, for Amicus Curiae Pacific Legal Foundation.
POLEN, J.
This appeal arises from an automobile accident in which the Appellant, Sontay, was seriously injured and subsequently filed a three-count complaint against the driver's lessor, Avis Rent-A-Car, for vicarious liability, negligent entrustment, and a derivative claim on behalf of his minor children. For the reasons stated below, we affirm the final judgment in favor of Avis.
The facts are undisputed. On March 25, 2001, Avis rented a Cadillac Seville to 19-year-old Jose Ceballo for the period of one week. The Avis branch manager, Richard Kuehner, testified that there were a number of irregularities with this transaction. Specifically, Avis had incorrectly recorded Ceballo's birth date, thereby making him appear to be 25. This mistake allowed the transaction to comply with their company policy which prohibits the renting of a vehicle to an individual under the age of 25. Additionally, Avis charged Ceballo for a mid-size car yet rented him a luxury full-size Cadillac.
Sometime between 6:30 p.m. and 7:30 p.m. on the night of March 30, 2001, Ceballo picked up his girlfriend Pauline Ovejero. The Cadillac was descending a hill when Sontay appeared, walking across the street at the bottom of the hill. The Cadillac swerved in an unsuccessful attempt to avoid Sontay. Sontay was struck by the *318 front right portion of the car. Both occupants of the car claim that Ovejero was driving at the time of the accident. Notwithstanding the uncontested story, the investigating officer believed that Ceballo was driving due to the amount of broken glass that was found on each of them at the scene. Rowe suspected that Ceballo, whose license was valid but had previously been suspended for failing to pay traffic tickets, drove away after the impact in order to change positions with Ovejero before returning to the scene of the accident. As a result of the accident, Sontay suffered serious injuries and required extensive rehabilitation.
Sontay and Fernanda Velasquez, his long-term girlfriend and the mother of his children, filed an amended three-count complaint for vicarious liability, negligent entrustment, and a derivative claim on behalf of the minor children. Avis moved to dismiss the negligent entrustment count for failure to state a cause of action which was granted by the trial court.
Section 324.021(9), Florida Statutes, effectively limits the vicarious liability of a short-term automobile lessor. Sontay moved for partial summary judgment asking the trial court to find Chapter 99-225, Laws of Florida, which contained section 324.021(9), unconstitutional as violative of the single-subject rule. Sontay further argued that section 324.021(9) violated access to the courts, equal protection, due process, and the right to a jury trial. The trial court held that Chapter 99-225 and section 324.021(9) were constitutional. The parties later reached a settlement, without waiving any rights to an appeal, providing Sontay with a maximum recovery permitted under law. A final judgment incorporating that settlement was entered, which reflected that $90,000 was for non-economic damages for the children's claim, $10,000 was recovered from Ovejero's insurer, and $500,000 was for economic damages from Avis. This timely appeal followed.
To the extent Sontay argues that Chapter 99-225 is unconstitutional as violative of the single subject rule, we recognize our opinion in Determann v. Anser, Inc., 859 So.2d 548, 548 (Fla. 4th DCA 2003), in which we aligned ourselves with the first and third districts that have already rejected such an argument. See Enter. Leasing Co. v. Hughes, 833 So.2d 832 (Fla. 1st DCA 2002); Budget Rent-A-Car Sys. v. Eddie Bennett, 847 So.2d 579 (Fla. 3d DCA 2003).
Sontay argues that section 324.021(9) is unconstitutional as violative of (1) a plaintiff's right of access to courts, (2) a plaintiff's right to trial by jury, and (3) the equal protection and due process clauses of the Florida Constitution. For the reasons set forth below and in line with the first and third districts in Hughes and Eddie Bennett, we reject these arguments. Sontay first contends that the cap on vicarious liability of short term lessors abolishes their right of access to the courts without affording a commensurate benefit or expressing an overpowering public necessity for this limitation. In Abdala v. World Omni Leasing, Inc., 583 So.2d 330, 333 (Fla.1991), the supreme court approved of section 324.021(9)(b)1, which eliminated the vicarious liability of long-term lessors provided the lessee maintains certain levels of insurance coverage.
Limiting the liability of one vicariously liable does not equate to denial of access to court. On this issue we approve the holdings of Perry v. G.M.A.C. Leasing Corp., 549 So.2d 680, 681 (Fla. 2d DCA 1989) (subsection 324.021(9)(b) "does not limit plaintiff's right to recover damages from the lessee who controls the operation of the vehicle. Nor does it place a cap upon those damages."), review denied, 558 So.2d 18 (Fla.1990), and Folmar *319 v. Young, 560 So.2d 798 (Fla. 4th DCA 1990)(same).
Id.
We find Abdala to be controlling and are thus unpersuaded by Sontay's attempt at distinguishing it. Although section 324.021(9)(b)1 requires long-term lessees to maintain certain levels of insurance whereas section 324.021(9)(b)2 makes no such requirement of short-term lessees, the end result is balanced. The vicarious liability of long-term lessors can be completely eliminated because section 324.021(9)(b)1 requires long-term lessees to maintain insurance. On the other hand, because section 324.021(9)(b)2 does not require short-term lessees to maintain insurance, it imposes vicarious liability on the short-term lessor, at an extent greater than the minimum insurance coverage required of long-term lessees.
Likewise, the first district in Hughes held that section 324.021(9)(b)2 "merely limits the liability of short-term lessors. It does not preclude an individual suffering from injuries arising from a vehicle accident from suing the lessee or operator of the vehicle.... A plaintiff can always recover additional damages from the lessee or operator." 833 So.2d at 838. Because limiting vicarious liability does not equate to the denial of access to courts, we decline to address Sontay's argument as to the lack of an expressed public necessity for the legislation. See Kluger v. White, 281 So.2d 1, 4 (Fla.1973).
Sontay next argues that section 324.021(9)(b)2 violates his constitutional right to a trial by jury. Sontay relies on Smith v. Department of Insurance, 507 So.2d 1080, 1088-89 (Fla.1987) for the proposition that:
[a] plaintiff who receives a jury verdict for, e.g., $1,000,000, has not received a constitutional redress of injuries if the legislature statutorily, and arbitrarily, caps the recovery at $450,000. Nor, we add, because the jury verdict is being arbitrarily capped, is the plaintiff receiving the constitutional benefit of a jury trial as we have heretofore understood that right.
However, Smith dealt with a damage cap with regard to the actual wrongdoer. Capping the liability of the faultless owner, while leaving the unlimited liability of the wrongdoer intact, does not deprive a plaintiff of the constitutional benefit of a jury trial. See Hughes, 833 So.2d at 838.
Sontay's final argument is that section 324.021(9)(b)2 violates his rights to due process and equal protection. First he claims the statute is not rationally related to a legitimate legislative goal. See Folmar v. Young, 591 So.2d 220, 224 (Fla. 4th DCA 1991). We disagree.
Through Chapter 99-225, the Legislature sought to shift some of the responsibility for damages due to the operation of the motor vehicle from the owner of a motor vehicle to the operator/lessee of the vehicle in short term leases. See H.R. Comm. on Judiciary, Analysis of HB 775. The statute shifts more of the liability to the actual tortfeasor.
Hughes, 833 So.2d at 839. Accordingly, we believe the statute's purpose of shifting liability from those without fault to those with fault is a legitimate legislative goal to which the statute is rationally related.
Sontay further contends that the statute is discriminatory, most notably arguing that the damages cap, in effect, distinguishes between serious and modest injuries, thereby discriminating against those who become disabled. The supreme court has already held that abolishing vicarious liability of long-term lessors does not "discriminate against plaintiffs suffering the worst injuries by eliminating possible recovery from the lessor in view of the *320 unlimited ability to recover from the lessee." Abdala, 583 So.2d at 334. We find Abdala to be applicable here as well. Likewise, the first district in Hughes held "the damages cap applies to all plaintiffs. The statute does not contain any arbitrary or oppressive classifications." 833 So.2d at 839. We find Sontay's other arguments challenging due process and equal protection to be unpersuasive, as he has failed to meet his great burden with respect to constitutional challenges. See Hughes. We also feel no need to comment on Sontay's remaining argument regarding the negligent entrustment claim.
AFFIRMED.
MAY, J., and DAMOORGIAN, DORIAN, Associate Judge, concur.