GROSS, J.
The primary issue we address in this case is whether an offer of settlement was a “joint proposal” within the meaning of Florida Rule of Civil Procedure 1.442(c)(3), so that it was required to “state the amount and terms attributable to each party.” We hold that the proposal was not a joint proposal on behalf of two plaintiffs, but a proposal on behalf of one plaintiff. Therefore, the apportionment requirement of the rule was inapplicable.
On May 22, 2002, a proposal for settlement was served on the defendant in this case, appellant Dollar Rent a Car, Inc., pursuant to section 768.79, Florida Statutes (2002).
The proposal indicated that it was made by the plaintiff, “Lydia Chang, as natural mother and legal guardian for Matthew Chang, a minor.” The body of the proposal stated:
COMES NOW the Plaintiff, LYDIA CHANG, as natural mother and legal guardian for MATTHEW CHANG, a minor, by and through her undersigned attorneys, pursuant to § 768.79, Florida Statutes and Rule 1.442, Florida Rules of Civil Procedure, and hereby submit this proposal to settle her claim against the Defendant, DOLLAR RENT A CAR, in the above matter for the sum of SEVENTY FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, including attorney’s fees. Acceptance of this Proposal for Settlement must be made within thirty (30) days after service to the attorney for the above-named Defendant herein.
A fair reading of the proposal is that it was made by Lydia on her son’s behalf and did not include any individual claim that Lydia may have had. The offer refers to only one “plaintiff.” The offer mentions only one “claim.” The offer describes Lydia’s capacity as the legal guardian of her son. The offer uses the phrases “her undersigned attorneys” and “her claim,” not the plural pronoun “their” which would indicate more than one plaintiff. Nothing in the proposal states that it was to settle “any and all claims” being brought against the defendant.
In Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276 (Fla.2003), the supreme court held that rule 1.442(c)(3) requires that an offer from multiple plaintiffs must apportion the offer among the plaintiffs. The offer in this case did not violate the holding of Willis Shaw, because it was not an offer from multiple plaintiffs.
*871 This case differs from McElroy v. Whittington, 867 So.2d 1241 (Fla. 4th DCA 2004), a case involving a parent-child offer of judgment. In McElroy, the proposal for settlement stated that the parent was making the proposal “individually” and that her daughter was making a proposal “by and through her parent and guardian.” Id. at 1241-42. Unlike this case, the McElroy proposal was on behalf of two plaintiffs, so that apportionment of the proposal under rule 1.442(c)(3) was required.
A separate issue concerns the application of a set-off. of personal injury protection benefits. The jury returned a $900,210.26 verdict. The trial court granted Dollar’s motion for remittitur and reduced the future pain and suffering award to $200,000; the court further reduced the jury verdict by $10,000 in PIP benefits that the plaintiff received from an insurance carrier; finally, the court reduced the jury verdict to $100,000 pursuant to section 324.021(9)(b)2., Florida Statutes (2003). The court entered a final judgment for $100,000 in damages and $19,473.91 in costs.
Dollar argues that the $10,000 in PIP benefits should have been set off against the $100,000 award required by the statutory cap. However, the applicable statute does not require the set-off against the $100,000 statutory limit.
Section 324.021(9)(b)2. provides:
The lessor, under an agreement to rent or lease a motor vehicle for a period of less than 1 year, shall be deemed the owner of the motor vehicle for the purpose of determining liability for the operation of the vehicle or the acts of the operator in connection therewith only up to $100,000 per person and up to $300,000 per incident for bodily injury and up to $50,000 for property damage.
(Emphasis added). This part of the statute limits the vicarious liability of a rental car company to a maximum of $100,000. The remaining portion of the section creates exceptions to this cap, situations when an automobile lessor may be liable for damages in excess of $100,000:
If the lessee or the operator of the motor vehicle is uninsured or has any insurance with limits less than $500,000 combined property damage and bodily injury liability, the lessor shall be liable for up to an additional $500,000 in economic damages only arising out of the use of the motor vehicle. The additional specified liability of the lessor for economic damages shall be reduced by amounts actually recovered from the lessee, from, the operator, and from any insurance or self-insurance covering the lessee or operator....
(Emphasis added).
Contrary to Dollar’s argument, the statute does not allow any set-off against the $100,000 cap. Rather, set-offs apply only to “[t]he additional specified liability of the lessor,” those situations when the statute authorizes damages against a lessor in excess of $100,000. The trial court correctly applied the set-off in this case.
Finally, we decline the appellee’s invitation to certify a question to the supreme court concerning the constitutionality of section 324.021(9). In Sontay v. Avis Rent-A-Car Systems, Inc., 872 So.2d 316 (Fla. 4th DCA 2004), we upheld the constitutionality of the statute, aligning ourselves with the first and third districts. See Budget Rent-A-Car Sys., Inc. v. Bennett, 847 So.2d 579 (Fla. 3d DCA), review denied, 860 So.2d 976 (Fla.2003); Enter. Leasing Co. S. Cent., Inc. v. Hughes, 833 So.2d 832 (Fla. 1st DCA 2002), review denied, 848 So.2d 1154 (Fla.2003). The *872 supreme court has denied review of both decisions.
Affirmed.
STEVENSON and SHAHOOD, JJ., concur.