WALLACE, Judge.
Mike Cobb challenges the circuit court’s award of attorney’s fees to David Durando and Jane Durando following the entry of a judgment in favor of the Durandos on their claim against Mr. Cobb for breach of a contract for roofing services. The Du-randos sought attorney’s fees against Mr. Cobb in accordance with section 768.79, Florida Statutes (2011), and Florida Rule of Civil Procedure 1.442 based on his rejection of their demand for judgment. Because the Durandos’ demand for judgment failed to apportion the amount of their demand between them, we reverse.
The Durandos’ demand for judgment provided, in pertinent part, as follows:
*278 Plaintiffs, David Durando and Jane Durando[] (“Durando”)[,] pursuant to § 768.79, Fla. Stat., demands [sic] judgment against Defendant, MIKE COBB, in the amount of $39,992.31[] (Thirty-Nine Thousand Nine Hundred Ninety Two and 31/100 Dollars), in full settlement of the above captioned case, including prejudgment interest for all claims brought by Durando in the Complaint.
Thus the demand for judgment failed to “state the amount ... attributable to each party,” as required by Florida Rule of Civil Procedure 1.442(c)(3).
The apportionment requirement of rule 1.442(c)(3) is strictly construed, and an offer from multiple plaintiffs must apportion the offer among the plaintiffs. Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 279 (Fla.2003); Allstate Ins. Co. v. Materiale, 787 So.2d 173, 175 (Fla. 2d DCA 2001); McElroy v. Whittington, 867 So.2d 1241, 1242-43 (Fla. 4th DCA 2004); Meyer v. Hutchinson, 861 So.2d 1185, 1189 (Fla. 5th DCA 2003). Accordingly, the Durandos’ demand for judgment was invalid because it failed to apportion the demand between Mr. and Mrs. Duran-do.
The Durandos argue that apportionment of their demand was not required because their claim for breach of contract derived from then* ownership of real property as tenants by the entireties; therefore, they conclude that the apportionment of the amount attributable to each party was not feasible. We find this argument unpersuasive for two reasons. First, the Durandos’ claim against Mr. Cobb did not arise directly from their ownership of entireties property. Instead, their claim was for the breach of a contract for roofing services. Second, the rule requiring apportionment of proposals for settlement made by multiple plaintiffs does not recognize an exception for joint proposals made by tenants by the entireties. See Feldkamp v. Long Bay Partners, LLC, No. 2:09-cv-253-FtM-29SPC, 2012 WL 3941773, at *2 (M.D.Fla. Sept. 10, 2012) (holding that a proposal for settlement made by a “husband and wife is not necessarily an offer by ‘one person’ ”); cf. Graham v. Peter K. Yeskel 1996 Irrevocable Trust, 928 So.2d 371, 372 (Fla. 4th DCA 2006) (rejecting the defendants’ argument that their unapportioned offer of settlement was valid because “they were sued on a ‘single unified claim’ directed at their joint ownership of real property” and holding that a “proposal for settlement as tenants by the entireties does not alter the bright line rule”).
For the foregoing reasons, the trial court erred in awarding the Durandos attorney’s fees based on their unapportioned demand for judgment. It follows that we must reverse the final judgment awarding attorney’s fees to the Durandos based on their invalid demand.
Reversed.
DAVIS, J., Concurs specially with opinion.
ALTENBERND, J., Dissents with opinion.