# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

SMITH L. WATKINS,

Appellant,

v.

RICHARD CORBETT, JENNIFER CORBETT, and BRITANNIA
BUILDING CONSULTANTS OF PASCO COUNTY, INC.,

Appellees.

No. 2D2025-0214

_____

March 25, 2026

Appeal from the Circuit Court for Hillsborough County; Melissa M. Polo,
Judge.

Raymond T. Elligett, Jr., and Amy S. Farrior of Buell Elligett Farrior &
Faircloth, P.A., Tampa, and James C. Hauser of Attorney's Fees in
Florida, PL, Orlando, for Appellant.

Michael R. Carey and Randall P. Mueller of Carey, O'Malley, Whitaker,
Mueller, Roberts & Smith, P.A., Tampa, for Appellees Richard Corbett
and Jennifer Corbett.

No appearance for Appellee Britannia Building Consultants of Pasco
County, Inc.


NORTHCUTT, Judge.

Richard and Jennifer Corbett filed a lawsuit against Smith L. Watkins alleging that Watkins had fraudulently induced them to purchase her home by failing to disclose known defects. Watkins prevailed. Here, she challenges the denial of her motion for attorney's fees that was founded on a joint proposal for settlement she had made to the Corbetts. We affirm because the proposal did not apportion the settlement between the parties, as required by Florida Rule of Civil Procedure 1.442.

Rule 1.442(c)(3) mandates that "[a] joint proposal must state the amount and terms attributable to each party." The rule effectuates a statutory entitlement to attorney's fees in derogation of common law, and therefore it must be strictly construed and adhered to. *See* § 768.79, Fla. Stat. (2023); *Willis Shaw Express, Inc. v. Hilyer Sod, Inc.*, 849 So. 2d 276, 278 (Fla. 2003); *Cobb v. Durando*, 111 So. 3d 277, 278 (Fla. 2d DCA 2013).

The Florida Supreme Court has recognized a single exception to the requirement of strict compliance with rule 1.442. In *Kuhajda v. Borden Dairy Co. of Alabama*, 202 So. 3d 391, 396 (Fla. 2016), the court held that if attorney's fees are not sought in the pleadings, "an offer of settlement is not invalid for failing to state whether the proposal includes attorney's fees and whether attorney's fees are part of the legal claim," as required by rule 1.442 but not by section 768.79. The court reasoned that that provision of the rule need not be strictly enforced because it does not implement a substantive requirement of the statute. *Id.* at 395-96.

That exception does not apply here because the rule provision mandating apportionment of joint offers implements the statutory requirement that all parties must be apprised of what they are entitled to

receive or what is expected of them in a proposed settlement. In this regard it is notable that although section 768.79 does not preclude joint proposals for settlement, the statute expressly contemplates joint proposals in only one narrow circumstance: under subsection (6), a property insurer in a breach of contract action is permitted to make a joint offer that is conditioned on mutual acceptance by all offerees. Otherwise, the statute refers to the parties in the singular, e.g., "if *a* defendant files an offer of judgment which is not accepted by *the* plaintiff within 30 days, *the* defendant shall be entitled to recover reasonable costs and attorney's fees." § 768.79(1) (emphasis added). Under subsection (2) of the statute, every offer must:

> (a) Be in writing and state that it is being made pursuant to this section.
> (b) Name *the party* making it and *the party* to whom it is being made.
> (c) State with particularity the amount offered to settle a claim for punitive damages, if any.
> (d) State its total amount.

§ 768.79(2) (emphasis added). Considering this language, the supreme court recognized that "[t]o further the statute's goal, each party who receive[s] an offer of settlement is entitled . . . to evaluate the offer as it pertains to him or her." *Allstate Indem. Co. v. Hingson*, 808 So. 2d 197, 199 (Fla. 2002) (quoting *C & S Chems., Inc. v. McDougald*, 754 So. 2d 795, 797-98 (Fla. 2d DCA 2000)). The supreme court continued: "Moreover, the plain language of section 768.79 supports the *C & S* court's holding. In subsection (2)(b), the statute refers to 'party' in the singular. This, we believe, indicates the Legislature's intent that an offer specify the amount attributable to each individual party." *Id.*

Thus, the language of rule 1.442(c)(3) directing that "[a] joint proposal must state the amount and terms attributable to each party"

3

implements a substantive—and important—requirement of section 768.79.  As such, it must be strictly complied with.[1]

We reject Watkins's assertion that no apportionment was necessary in this case because the Corbetts own the home as tenants by the entireties.  Watkins maintains that the law treats a tenancy by the entirety as a single "entity" and that the Corbetts "filed the *Johnson v*[.] *Davis* suit as tenants by the entirety."  For this reason, she contends, she was not required to apportion the proposal for settlement.  This argument is flawed for several reasons.  First, a tenancy by the entirety is merely a form of property ownership.  It has no capacity to sue or be sued.  As such, it could not be a party to the lawsuit.  *See, e.g., Spradley v. Spradley*, 213 So. 3d 1042, 1045 (Fla. 2d DCA 2017) (observing that since an estate is not a natural or artificial person, it lacks capacity to sue or be sued and therefore cannot be a party to a suit); *Asociacion De Perjudicados Por Inversiones Efectuadas En U.S.A. v. Citibank, F.S.B.*, 770 So. 2d 1267, 1269 (Fla. 3d DCA 2000) (holding that an unincorporated association lacked capacity to sue); *Florida City Police Dep't v. Corcoran,* 661 So. 2d 409, 410 (Fla. 3d DCA 1995) (holding that a police department, as a part of city government, was not itself an entity that could be sued); *Florida Med. Ass'n, v. Spires*, 153 So. 2d 756, 757 (Fla. 1st DCA 1963) (holding that the corporate board of a corporation was not itself an entity subject to suit).

---

[1] Rule 1.442 contains one exception to the apportionment requirement that is inapplicable here.  Under subsection (c)(4) of the rule, a joint proposal made by or served on a party who "is alleged to be solely vicariously, constructively, derivatively, or technically liable" need not be apportioned.

Indeed, second, Watkins's claim that the Corbetts filed suit as tenants by the entireties is simply incorrect. The pleadings reflect that they sued in their individual capacities. Moreover, Watkins's proposal for settlement was directed to them as such, and it made no mention of their marital status or the nature of their ownership of the property. Watkins titled her proposal for settlement DEFENDANT SMITH L. WATKINS' PROPOSAL FOR SETTLEMENT TO PLAINTIFFS RICHARD CORBETT AND JENNIFER CORBETT. In *Pratt v. Weiss*, 161 So. 3d 1268 (Fla. 2015), two defendants co-owned a medical center that was sued for malpractice. *Id.* at 1270. The supreme court rejected the defendant co-owners' argument that they did not need to apportion their proposal for settlement because they were in effect making an offer as a single entity. *Id.* at 1271-72. Among other things, the court found it telling that the language employed in the defendants' proposal undermined their own argument:

> [D]espite the assertion that Florida Medical Center was the only party in interest, both FMC Hospital and FMC Medical sought attorney's fees and costs in a motion the entities filed together. FMC Hospital and FMC Medical are repeatedly referred to in the motion as "Defendants, FLORIDA MEDICAL CENTER." (Emphasis supplied.) The motion is even titled: "*DEFENDANTS*, FMC HOSPITAL, LTD. D/B/A FLORIDA MEDICAL CENTER *AND* FMC MEDICAL, INC. F/K/A FMC CENTER, INC. D/B/A FLORIDA MEDICAL CENTER'S MOTION FOR ENTITLEMENT TO ATTORNEYS' FEES AND COSTS."

*Id.* at 1272.

Third, the form of the Corbetts' ownership of the property had no bearing on the cause of action under *Johnson v. Davis*, 480 So. 2d 625, 627 (Fla. 1985). The elements of an action based on fraudulent inducement in a residential real estate transaction are "(1) a false statement concerning a material fact; (2) the representor's knowledge

5

that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *Id.* at 627. Significantly, the action does not even require that the plaintiffs take ownership of the property. In fact, in *Johnson v. Davis*, the transaction at issue never closed; the purchasers sued for rescission of the contract for sale and the return of their deposit payments. *Id.* at 626.

In *Cobb v. Durando*, 111 So. 3d 277, 278 (Fla. 2d DCA 2013), we held that married parties were not excused from apportioning their demand for judgment in their suit against a contractor who performed roofing services on their home. The plaintiffs argued that their claim derived from their ownership of the home as tenants by the entireties, and therefore it was not feasible to apportion the amount attributable to each party. *Id.* We rejected this argument for two reasons:

> First, the Durandos' claim against Mr. Cobb did not arise directly from their ownership of entireties property. Instead, their claim was for the breach of a contract for roofing services. Second, the rule requiring apportionment of proposals for settlement made by multiple plaintiffs does not recognize an exception for joint proposals made by tenants by the entireties.

*Id.* That same reasoning applies here. As the *Pratt* court stated, "[e]ven where no logical apportionment can be made, it is nonetheless required where more than one offeror or offeree is involved." *Pratt*, 161 So. 3d at 1272–73.

As can be seen, this court has adhered to the principle that apportionment under rule 1.442 is a bright line rule. There are no exceptions for claims brought by tenants by the entireties. For the same reason, we disagree with the holding in *Mackensen v. Trace Elements, Inc.*, 388 So. 3d 815, 817 (Fla. 4th DCA 2024), *rev. granted*, 2025 WL

6

654983 (Fla. Feb. 28, 2025) (SC2024-1274), that two parties who made a joint proposal for settlement based on their single, unified insurance claim did not have to apportion damages between them.  Notably, the *Mackensen* panel did not address its own court's conflicting decision in *Graham v. Peter K. Yeskel 1996 Irrevocable Trust*, 928 So. 2d 371 (Fla. 4th DCA 2006).  In *Graham*, the defendants argued that because they were "sued on a 'single unified claim' directed at their joint ownership of real property," their unapportioned joint proposal for settlement was valid.  *Id.* at 372.  The *Graham* court rejected the argument, holding that the fact "[t]hat the Grahams made their joint proposal for settlement as tenants by the entireties does not alter the bright line rule."  *Id.*

We concur with *Graham*.  To the extent that the Fourth District's holding in *Mackensen* in the insurance context might be read to apply to the circumstances of the instant case, we disagree with it.

Affirmed.

KELLY and LaROSE, JJ., Concur.

—————————————————

Opinion subject to revision prior publication.