849 So.2d 1141 (2003)
William MATETZSCHK, Appellant/Cross-Appellee,
v.
Oscar LAMB, Appellee/Cross-Appellant.
No. 5D02-455.
District Court of Appeal of Florida, Fifth District.
July 18, 2003.
*1142 Richard A. Sherman of Richard A. Sherman, P.A., Fort Lauderdale and Cymonie S. Rowe of Dickstein, Reynolds & Woods & Murasko, P.A., West Palm Beach, for Appellant/Cross-Appellee.
Roy D. Wasson, Miami, and David J. Gorewitz, Melbourne, for Appellee/Cross-Appellant.

ON MOTION FOR CERTIFICATION
COBB, W., Sr. Judge.
We treat Appellee's motion for certification of conflict and certification of question of great public importance as a motion for rehearing and issue this corrected opinion. The issue raised by this appeal concerns the validity of two undifferentiated offers of judgment[1] made by a plaintiff to two defendants, one of whom is allegedly liable only on a vicarious basis as a co-owner of a vehicle. The facts, as alleged below, are that the plaintiff, Oscar Lamb, rear-ended a stopped car and, in a chain reaction, was rear-ended by an automobile operated by the defendant, William Matetzschk, who then was in turn rear-ended by an automobile driven by his own wife, Margie Matetzschk, who was driving behind her husband. There is no allegation or other indication that the impact of Margie's car with the rear of William's car propelled it into the rear of Lamb's vehicle for a second time.
Lamb brought suit against the Matetzschks for his injuries sustained in the crash. The sole allegation against Margie Matetzschk was that she was "an owner of a vehicle causing Plaintiff's injuries and is *1143 therefore jointly and severally liable with William Matetzschk" for Lamb's damages. Clearly, this is not an allegation of active negligence and apparently was based on the erroneous assumption that Margie was a co-owner of the vehicle William was driving.
During the course of litigation, Lamb offered two joint proposals for settlement to the Matetzschks, one for $15,000, dated July 19, 1999, and the second for $9,000, dated August 4, 1999. The offers, neither of which was accepted, were undifferentiated as between the two defendants. Subsequently, Lamb settled with Margie at mediation and proceeded with the case against William.
A third proposal of settlement in the amount of $6,000 was dated August 16, 2000, and directed to William Matetzschk, the sole remaining defendant. This proposal also expired without acceptance, and the case proceeded to jury trial, resulting in a verdict of $73,108. As a result of this verdict (which exceeded any of the three settlement proposals by more than 25%), the trial court conducted two hearings: at the first, the parties stipulated that Lamb was entitled to an attorney fee; at the second, William disputed the validity of the first two offers in 1999 on the basis that they were undifferentiated as to the two party defendants, but the trial court ruled that this argument was waived because it was not raised in the first hearing. The trial court then awarded attorney fees to Lamb's counsel based upon the first proposal of settlement dated July 19, 1999. This appeal ensued.
The first issue raised on appeal is whether the trial court erred by utilizing the first offer of judgment, dated July 19, 1999, as fixing the inception date for attorney fees rather than the date of the last offer, August 16, 2000, at which time there was no issue as to differentiation since only one party defendant then remained in the suit.
At the inception of our consideration of the central issue concerning the validity of undifferentiated offers, we address the trial court's determination that William Matetzschk waived his objection to the earlier offers of judgment because he did not raise it at the first post-verdict hearing. This determination by the trial court was incorrect because a party may object to an interlocutory ruling at any time prior to a final judgment. See Whitlock v. Drazinic, 622 So.2d 142 (Fla. 5th DCA 1993). Moreover, the record clearly indicates that at the first hearing on attorney fees, William Matetzschk only stipulated that Lamb was entitled to an attorney fee, but the amount of that fee was to be determined at a later date. Nowhere in the record does it indicate that William Matetzschk stipulated that Lamb was entitled to an attorney fee based on either of the two earlier proposals, and, indeed, the order emanating from the first hearing refers to an agreement on a single "Proposal for Settlement," not an agreement as to all three proposals.
There is case precedent in this district in regard to undifferentiated offers of judgment. In Spruce Creek Development Co. of Ocala, Inc. v. Drew, 746 So.2d 1109 (Fla. 5th DCA 1999), disapproved of by Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 2003 WL 1089304 (Fla. 2003), we held that a single and undifferentiated offer of an injured driver and her husband, who brought a claim for lack of consortium, was not void under the offer of judgment statute (section 768.79, Florida Statutes) on the basis that the lack of apportionment between the claimants was a matter of indifference to the defendant, who would be entitled to a release by both claimants upon his acceptance of their offer. Spruce Creek has now been expressly *1144 disapproved with respect to this point by the recent opinion of the Florida Supreme Court in Willis Shaw. Therein, the opinion of Justice Wells emphasized the language of Florida Rule of Civil Procedure 1.442(c)(3), which implements section 768.79: "A joint proposal shall state the amount and terms attributable to each party."
We believe the language of Willis Shaw is applicable whether the offer emanates from joint plaintiffs or is directed to joint defendants. Hence, Willis Shaw implicitly rejects our prior opinion in Strahan v. Gauldin, 756 So.2d 158 (Fla. 5th DCA 2000), which concerned one allegedly negligent tortfeasor and several parties whose liability was alleged on a vicarious basis. We recognize that our instant opinion conflicts with Barnes v. The Kellogg Co., 846 So.2d 568 (Fla. 2d DCA 2003), which held that an undifferentiated offer of settlement from a plaintiff to two defendants, one of whom was only vicariously liable, was proper. Until Willis Shaw, we shared that view. However, in addition to the explicit language of the rule and Willis Shaw, there is a logical basis for requiring differentiated offers of settlement, even in cases of alleged vicarious liability.
As Barnes correctly observed, it may be impossible to apportion fault among parties who are jointly and severally liable when the basis of at least one party's liability is purely vicarious. However, that observation presupposes that vicarious liability is not a disputed issue. It may be, and this case provides a prime example. Lamb's complaint alleged that Margie's liability was purely vicarious as a co-owner of the vehicle. As discovery later demonstrated, that allegation could not be supported; Margie apparently was not a co-owner of the vehicle and therefore, had no vicarious liability for her husband's negligent operation of his vehicle. If we were to follow Barnes, Margie would have been required either to reject Lamb's offer or pay it entirely. We think such a result is inconsistent with the purpose and language of the rule. In many cases, the issue of vicarious liability is disputed and the party against whom it is asserted should have a right to settle an advance claim based upon that party's individual evaluation of many factors, including damages and the likelihood that a fact finder might find that party to be vicariously liable.
Moreover, the settlement value of a claim is impacted by the financial responsibility of a party defendant, whether that party's liability is direct or vicarious. For example, a defendant who is directly liable may be penniless and bankrupt, and a claim against him virtually worthless, whereas the vicariously liable defendant in the same action may be wealthy and any claim against the latter quite valuable.
We thus reverse the attorney fee award below and remand for a determination based upon the third offer of judgment dated August 16, 2000. In view of such reversal we decline, at this time, to address the argument of William Matetzschk directed to the excessiveness of the fee. We do note, however, and disapprove the following language of the trial court:
The court also holds that but for the decision of ALLSTATE INS. CO. V. SARKIS, Case No. 5D00-2217[, 809 So.2d 6,] (Fla.App. 5 Dist.2001), the Court would grant a contingency fee multiplier in an amount ranging from 1.5 to 2.0 on the attorney fee issue.
Even absent the Sarkis[2] opinion, there *1145 is absolutely no legal basis under Rowe[3] or Quanstrom[4] for the application of a multiplier in this case, a rear-end collision with a financially responsible defendant. Any tort lawyer in Brevard County would have taken this case, and counsel for Lamb has not contended otherwise, either in his written brief or at oral argument when confronted with this question. It is not the law, as contended by counsel for Lamb at oral argument, that the delay inherent in the nature of contingency fees justifies imposition of a multiplier. We certify conflict with Barnes.
REVERSED and REMANDED.
THOMPSON and ORFINGER, JJ., concur.
NOTES
[1] See § 768.79, Fla. Stat. (1997); Fla. R. Civ. P. 1.442.
[2] Allstate Ins. Co. v. Sarkis, 809 So.2d 6 (Fla. 5th DCA 2001).
[3] Fla. Patient's Comp. Fund v. Rowe, 472 So.2d 1145 (Fla.1985).
[4] Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990).