878 So.2d 403 (2004)
Bernard COHEN, Irwin Cohen, individually and as General Partners of Cobis, a Florida General Partnership, Cobis, and Cohen & Cohen, P.A., Appellants,
v.
Kenneth ARVIN and Ziskind & Arvin, P.A., Appellees.
No. 4D02-5076.
District Court of Appeal of Florida, Fourth District.
June 9, 2004.
Rehearing Denied August 20, 2004.
*404 Albert Louis Frevola, Jr., Vanessa A. Reynolds and Susanne E. Riedhammer of Conrad & Scherer, LLP, Fort Lauderdale, for appellants.
Shawn B. McKamey and W. Tucker Craig of Billing, Cochran, Heath, Lyles, Mauro & Anderson, P.A., Fort Lauderdale, for appellees.
POLEN, J.
This appeal arises from a final order granting summary judgment in favor of Kenneth Arvin and Ziskind & Arvin, P.A. and a subsequent order awarding attorneys' fees based on a settlement proposal. For the reasons outlined below we affirm the order granting summary judgment and reverse the order awarding fees.
Bernard and Irwin Cohen are brothers and sole shareholders of the law firm of Cohen & Cohen. They hired their brother Stanford as the office manager. Stanford's two children were also hired, Elena Romagni as a secretary and Harvey Cohen as an attorney. The firm eventually made Harvey a partner. They also made Gary Juda a partner. Juda was a longtime friend and law school classmate of Harvey's.
While employed at Cohen & Cohen, Stanford's lawyer, Ken Arvin, formed Cohen Family Holdings, Inc. Cohen Family Holdings, according to Cohen & Cohen, was to be the corporate general partner for the Stanford Cohen Family Limited Partnership. In addition, while Harvey and Juda were still partners of Cohen & Cohen, they used Ken Arvin, as their attorney, to file articles of incorporation to form Cohen & Juda, P.A.
Two days after Cohen & Juda, P.A., filed its articles of incorporation, Stanford and Elena told Cohen & Cohen they were resigning.
Arvin was hired by Stanford Cohen to negotiate his severance package. He was also hired to do some estate planning for Stanford. Irwin and his accountant met with Arvin in early December of 1999. Arvin allegedly assured Irwin that Harvey was very happy working for Cohen & Cohen and had no intention of leaving. Arvin did not mention that he had incorporated Cohen & Juda, P.A., several weeks earlier.
On December 31, 1999, Juda told Irwin he was leaving the firm. He also told Irwin that Harvey was leaving. Thereafter, three secretaries admitted they were going to work for Cohen and Juda. In addition, Cohen & Cohen began receiving letters from clients advising the firm they were discharged and that the files should be sent to Cohen & Juda. Cohen and Cohen discovered that Harvey and Juda began sending solicitation letters to clients. Cohen and Cohen alleged that in a two-week time period, it had been discharged on over 150 files.
Litigation ensued among all three Cohen brothers. Cohen and Cohen alleged that Harvey and Juda conspired to steal clients from the firm, leave the firm, and start the new firm of Cohen and Juda. Cohen and Cohen also alleged that Stanford and Elena were involved in the conspiracy as were Kenneth Arvin and Ziskind & Arvin, P.A. Cohen and Cohen raised ten counts in a *405 counterclaim. Only one count included Arvin: Conspiracy to Commit Tortious Interference with Advantageous Business Relationships.
Arvin moved for summary judgment primarily on the basis that the claim relied on impermissible inference stacking. The trial court properly granted the motion.
The applicable standard of review on orders granting summary judgment is de novo. Bruckner v. City of Dania Beach, 823 So.2d 167 (Fla. 4th DCA 2002) (citing Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126 (Fla.2000)). Summary judgment is appropriate only where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Reeves v. N. Broward Hosp. Dist., 821 So.2d 319 (Fla. 4th DCA 2002). Additionally, all inferences must be made in favor of the non-moving party. See id.
As the supreme court explained in Nielsen v. City of Sarasota, 117 So.2d 731, 733 (Fla.1960):
[I]n a civil case, a fact may be established by circumstantial evidence as effectively and as conclusively as it may be proved by direct positive evidence. The limitation on the rule simply is that if a party to a civil action depends upon the inferences to be drawn from circumstantial evidence as proof of one fact, it cannot construct a further inference upon the initial inference in order to establish a further fact unless it can be found that the original, basic inference was established to the exclusion of all other reasonable inferences. Gelco Convention Servs. v. Pettengill, 710 So.2d 581, 583 (Fla. 4th DCA 1998).
The factual allegations made by Cohen and Cohen, in their counterclaim are lengthy and detailed. However, of the fifty-five numbered paragraphs of factual allegations, only four include any allegations related to Arvin. Moreover, the allegations relating to Arvin are based exclusively on Cohen and Cohen's beliefs as to what occurred in the firm's split-up and necessarily rely on multiple inferences.
Cohen asserts that impermissible inference stacking does not apply to a motion for summary judgment as a matter of law and that if any inferences exist they must be drawn in favor of the non-moving party.
If a party could simply allege their beliefs as evidence of events that give rise to a cause of action to sufficiently overcome summary judgment, summary judgment would be meaningless. Moreover Cohen and Cohen's position is unsupported by case law. The Gelco opinion cites Nielsen v. City of Sarasota, 117 So.2d 731, 733 (Fla.1960), for the rule on impermissible inference stacking in civil cases. Nielsen was a summary judgment case. Thus, it is clear the rule prohibiting impermissible inference stacking is applicable in a summary judgment context.
There are no disputed issues of material fact and Arvin was entitled to judgment as a matter of law. As such the trial court properly granted the summary judgment motion and we affirm the ruling of the trial court in that regard.
Cohen and Cohen also contend the trial court's award of fees and costs was erroneous due to the failure of the proposal for settlement and offer of judgment to apportion amounts attributable to each offeror. We agree.
The proposal for settlement and offer of judgment was filed by Kenneth Arvin and Ziskind & Arvin, P.A., jointly. The proposal specified that it was being directed to Bernard Cohen and Irwin Cohen individually and as General Partners of COBIS, COBIS and Cohen & Cohen, P.A. *406 The proposal offered $10,000 to settle all claims.
Both parties acknowledge that the Florida Supreme Court recently clarified the law regarding apportionment of offers of judgment in Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276 (Fla.2003). In Willis Shaw, the court noted that Florida Rule of Civil Procedure 1.442 was amended in 1996 to require greater detail in settlement proposals. Based on that rule the court held "[a] proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party." Id. at 278.
Arvin contends the offer of judgment in this case was proper, although it did not apportion the offer, because the claims raised against Arvin and Ziskind and Arvin, P.A., are not separate causes of action. Rather the claims are based on an allegation of vicarious liability through the doctrine of respondeat superior. Arvin cites, inter alia, Barnes v. The Kellogg Co., 846 So.2d 568 (Fla. 2d DCA 2003).
In Barnes, the second district held, although normally an offer would need to be apportioned, a unified offer was permissible because the damages could not be apportioned between the two defendants. The court reasoned:
There is no rational method to apportion fault between the strictly liable retailer, who has committed no negligent act, and the manufacturer who produced a product with a hidden defect. In such a case, where the retailer's liability is not based on fault, section 768.81(3), Florida Statutes (1999), does not allow the defendants to apportion damages between themselves. They are jointly and severally liable for all damages. Under these circumstances, we see nothing improper with a joint offer.
Id. at 571.
Initially we note that Barnes predated Willis Shaw. We agree with the fifth district that, in light of Willis Shaw, Barnes is no longer accurate. See Matetzschk v. Lamb, 849 So.2d 1141 (Fla. 5th DCA 2003). Lamb questioned the validity of two undifferentiated offers of judgment made by a plaintiff to two defendants, one who was allegedly liable only on a vicarious basis. Id. In rejecting the validity of the offer of judgment that failed to apportion the offer, the Lamb court expressly opined that the rationale of Barnes was no longer accurate:
[I]n addition to the explicit language of the rule and Willis Shaw, there is a logical basis for requiring differentiated offers of settlement, even in cases of alleged vicarious liability.
As Barnes correctly observed, it may be impossible to apportion fault among parties who are jointly and severally liable when the basis of at least one party's liability is purely vicarious. However, that observation presupposes that vicarious liability is not a disputed issue. It may be, and this case provides a prime example. Lamb's complaint alleged that Margie's liability was purely vicarious as a co-owner of the vehicle. As discovery later demonstrated, that allegation could not be supported; Margie apparently was not a co-owner of the vehicle and therefore, had no vicarious liability for her husband's negligent operation of his vehicle. If we were to follow Barnes, Margie would have been required either to reject Lamb's offer or pay it entirely. We think such a result is inconsistent with the purpose and language of the rule. In many cases, the issue of vicarious liability is disputed and the party against whom it is asserted *407 should have a right to settle an advance claim based upon that party's individual evaluation of many factors, including damages and the likelihood that a fact finder might find that party to be vicariously liable.
Moreover, the settlement value of a claim is impacted by the financial responsibility of a party defendant, whether that party's liability is direct or vicarious. For example, a defendant who is directly liable may be penniless and bankrupt, and a claim against him virtually worthless, whereas the vicariously liable defendant in the same action may be wealthy and any claim against the latter quite valuable.
Id.
Although the example given in Lamb may be inapplicable to the case at bar, the plain language of the rule, as well as the holding in Willis Shaw does not differentiate between the necessary apportionment in offers of judgment in cases when respondeat superior is involved and cases where it is not.
Rule 1.442(c)(3) provides: "A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party." Further Willis Shaw made clear, without distinction, "offers of judgment made by multiple offerors must apportion the amounts attributable to each offeror." Willis Shaw, 849 So.2d 276, 278-79 (Fla.2003) (emphasis added).
As a result, the trial court improperly awarded fees based on the proposal and offer of judgment which failed to apportion the amounts attributable to each offeror. As a result, we reverse that order.
We therefore remand this case to proceed in a manner consistent with this opinion.
AFFIRMED IN PART AND REVERSED IN PART.
SHAHOOD and MAY, JJ., concur.