884 So.2d 1053 (2004)
RDR COMPUTER CONSULTING CORPORATION, Appellant,
v.
EURODIRECT, INC., Appellee.
No. 2D03-3140.
District Court of Appeal of Florida, Second District.
October 15, 2004.
*1054 Ricardo A. Roig of Ricardo A. Roig, P.A., Tampa, for Appellant.
Alan M. Gross of Powell, Carney, Gross, Maller & Ramsay, P.A., St. Petersburg, for Appellee.
ALTENBERND, Chief Judge.
RDR Computer Consulting Corporation (RDR) appeals a final judgment that was entered in its favor against Eurodirect, Inc. RDR challenges the trial court's decision to deny its request for attorneys' fees and prejudgment interest. We reverse both the denial of prejudgment interest and the denial of attorneys' fees.

I. PREJUDGMENT INTEREST
RDR entered into written agreements with Eurodirect to provide certain computer software services for a one-year period ending on April 28, 2000. Soon after the contract went into effect, the relationship between the parties soured. In September 1999, Eurodirect filed a four-count complaint against RDR alleging civil conspiracy to defraud, conversion, unjust enrichment, and breach of a confidential relationship. RDR filed a counterclaim alleging breach of contract and amounts due pursuant to the contract or on open account. The case proceeded to trial by jury in January 2003, and the jury denied relief to Eurodirect on all counts and found for RDR on its counterclaim, awarding RDR $49,214.40 in damages for breach of contract and open account. The jury's award was precisely the amount claimed by RDR for services rendered through April 28, 2000. The jury was not asked to determine the date this payment was due.
RDR's counterclaim requested damages "including interest" but did not *1055 expressly request "prejudgment interest." Prejudgment interest was not addressed in the pretrial order. Both the jury instructions and the verdict form relied on language similar to the language in Florida Standard Jury Instruction (Civil) 12.1(I), which does not mention prejudgment interest and instructs the jury to return an amount that will "fairly and adequately compensate" the claimant for damages caused by the breaching party's failure to perform. RDR expressly raised the issue of prejudgment interest for the first time in a post-verdict motion that requested entry of a judgment including such interest. The trial court denied the request for prejudgment interest because RDR had not formally reserved this issue for resolution by the judge prior to the case being submitted to the jury for a determination of damages.
There is considerable merit to the trial court's position that a claimant who intends to seek prejudgment interest from the judge following a jury verdict should be required to declare its intent prior to closing arguments. There certainly is a risk that a party's failure to disclose this issue prior to the jury's deliberations could make it impossible to know whether the jury had considered this element of damage. That risk should be borne by the claimant. In this case, however, the jury received no instructions on prejudgment interest and it is obvious that the jury awarded RDR the damages that were due on or before April 28, 2000. The damages were thus liquidated from that date.
Under the loss theory for prejudgment interest and the rule announced in Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985), RDR was entitled to an award of prejudgment interest because the verdict involved damages that were liquidated as of a date certain, April 28, 2000. RDR was entitled to this award "as a matter of law," which simply means that the function of adding interest to the verdict could be performed by the trial judge. See Argonaut, 474 So.2d at 215; Summerton v. Mamele, 711 So.2d 131, 133 (Fla. 5th DCA 1998); see also Broward County v. Finlayson, 555 So.2d 1211 (Fla.1990) (upholding Argonaut but stating that prejudgment interest can be denied if it would be inequitable). This court has held that it is not necessary for the jury to actually determine the date on which the damages were liquidated, so long as that date is clear from the context of the litigation. See Charles Buzbee & Sons, Inc. v. Falkner, 585 So.2d 1190, 1191 (Fla. 2d DCA 1991); see also Vining v. Martyn, 660 So.2d 1081, 1082 (Fla. 4th DCA 1995). In this case it is clear that the jury liquidated damages in the amount of $49,214.40, the exact amount due no later than April 28, 2000, when the contract terminated.[1]
Nothing in existing case law requires the claimant to expressly reserve the issue of prejudgment interest for resolution by the trial judge after the jury's verdict. Indeed, prejudgment interest is merely an element of damage. It does not need to be specially pleaded. See Fayed v. Altshuler, 676 So.2d 1062 (Fla. 4th DCA 1996); Tillman v. Howell, 634 So.2d 268, 270 (Fla. 4th DCA 1994).[2] Thus, the trial *1056 court erred in ruling that RDR was required to expressly reserve this issue for resolution by the trial judge.[3] Accordingly, we reverse the trial court's denial of prejudgment interest and remand to award prejudgment interest from April 28, 2000, to the date of the judgment.

II. ATTORNEYS' FEES ON THE PROPOSAL FOR SETTLEMENT
After the trial, RDR filed a motion for attorneys' fees based on a proposal for settlement that it had served on Eurodirect pursuant to Florida Rule of Civil Procedure 1.442 and section 768.79, Florida Statutes (2001). That offer had proposed to settle Eurodirect's claim for $250. It did not propose to settle RDR's counterclaim against Eurodirect.
At the time the proposal was served, the procedural posture of this suit was very unusual. In its initial complaint, Eurodirect had sued both RDR and RDR's sole officer and director, Richard Rodriguez. An amended complaint filed on April 3, 2001, continued to list Mr. Rodriguez as a defendant in the style and alleged in the general allegations that he was the sole officer and director of RDR. However, none of the four counts in the amended complaint made any additional reference to Mr. Rodriguez and none of the counts sought damages or other relief from him. On April 16, 2001, RDR filed a motion to dismiss this amended complaint which pointed out that Mr. Rodriguez was identified in the style and preamble of the amended complaint but that there was no cause of action alleged against him nor did any of the counts seek relief from him.
It was at this stage of the litigation that RDR served its proposal for settlement dated May 11, 2001. This proposal was expressly made only by "Defendant, RDR Computer Consulting Corporation," and was intended to resolve all of the claims asserted by Eurodirect against "Defendant." RDR conditioned its proposal upon Eurodirect filing a notice of voluntary dismissal with prejudice in the action against the "Defendants."
Shortly thereafter, in June 2001, the trial court entered an order denying the motion to dismiss the amended complaint. The order indicated that Eurodirect had acknowledged that Richard Rodriguez was not intended to be a defendant in the amended complaint. Therefore, the court ordered his name stricken from the amended complaint.
Given the allegations of the amended complaint, it was logical for RDR to propose a settlement of all claims against it conditioned on a dismissal of the amended complaint as to its sole officer. The offer should not have confused Eurodirect since Eurodirect acknowledged that Mr. Rodriguez was not a proper defendant at the time the proposal was made. Nevertheless, the trial court denied the motion for fees because the proposal did not contain separate monetary offers for both RDR and Mr. Rodriguez.
*1057 The trial court's ruling was supported, at least in spirit, by this court's decision in Allstate Insurance Co. v. Materiale, 787 So.2d 173, 175 (Fla. 2d DCA 2001), in which we announced that "[w]hen two offerors make a proposal for settlement to one offeree, the offeree is entitled to know the amount and terms of the offer that are attributable to each offeror in order to evaluate the offer as it pertains to that party." Likewise, the supreme court has held that "an offer from multiple plaintiffs must apportion the offer among the plaintiffs." See also Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 279 (Fla.2003).
Both Materiale and Willis Shaw Express involved an offer by two plaintiffs to a single defendant. Because the offer failed to detail the amount each individual plaintiff was seeking, the defendant was unable to evaluate the offer as it related to each plaintiff. It is not clear, however, that the same rule should apply to an offer by multiple defendants to a single plaintiff when the defendants are jointly and severally liable for all damages claimed by the plaintiff. This court has approved an offer made by one of two co-defendants that proposed to settle a single plaintiff's claims against both defendants when the offering defendant was vicariously liable for the actions of the other. See Barnes v. The Kellogg Co., 846 So.2d 568 (Fla. 2d DCA 2003).[4]
We conclude, however, that this unique case is distinguishable from all of these precedents. The issue here is whether a proposal from one defendant seeking dismissal of the entire lawsuit must make a separate allocation for a second defendant whose name appears in the style but whom the plaintiff does not claim to be suing. Even under a strict construction, we conclude that the language in rule 1.442 permits such a proposal. The rule expressly states that a proposal shall "state with particularity any relevant conditions." See Fla. R. Civ. P. 1.442(c)(2)(C). The dismissal of the lawsuit, including a named defendant from whom the plaintiff seeks no relief, would appear to be a proper and relevant condition.
Accordingly, we reverse the order denying fees and remand for further consideration of RDR's motion for attorneys' fees.
Reversed and remanded.
FULMER and CASANUEVA, JJ., Concur.
NOTES
[1] It is probable that installment payments were actually due on this contract prior to the end of the contract. In the absence of a more specific verdict or a clearer record, we conclude that RDR has failed to establish a right to any additional interest that may have accrued on earlier installment amounts. See generally Nat'l Educ. Ctrs., Inc. v. Kirkland, 678 So.2d 1304 (Fla. 4th DCA 1996).
[2] Prior to the adoption of the loss theory for prejudgment interest in Argonaut, this court had suggested that there may be a special pleading requirement for prejudgment interest. See Harry E. Robbins Assocs. v. Sudbury, 467 So.2d 343 (Fla. 2d DCA 1985). After Argonaut, this court clearly cannot compel plaintiffs to specially plead an element of damage that does not require special pleading as special damage under the Florida Rules of Civil Procedure. See Fla. R. Civ. P. 1.120(g); see also Augustine v. S. Bell Tel. & Tel. Co., 91 So.2d 320 (Fla.1956).
[3] A trial court may be authorized to include in its standard pretrial order a requirement that a party indicate whether it is seeking prejudgment interest from the judge or from the jury. Whether a court could thereafter deny prejudgment interest to a party who failed to expressly reserve the issue is an interesting question not presented by this case.
[4] Although other district courts have expressly declined to follow the rule announced in Barnes, they have done so in cases with distinctly different facts. See Cohen v. Arvin, 878 So.2d 403 (Fla. 4th DCA 2004) (disapproving unallocated offer made by two defendants to three plaintiffs); McElroy v. Whittington, 867 So.2d 1241 (Fla. 4th DCA 2004) (reversing award of attorneys' fees where two plaintiffs made unapportioned proposal to single defendant); Matetzschk v. Lamb, 849 So.2d 1141 (Fla. 5th DCA 2003) (reversing attorneys' fee award where single plaintiff made undifferentiated offer of judgment to two defendants); see also Meyer v. Hutchinson, 861 So.2d 1185 (Fla. 5th DCA 2004) (reversing attorneys' fees because two plaintiffs' failed to apportion proposal for settlement made to single defendant). Again, in each of these cases, the apportionment was necessary to permit the party or parties receiving the offers (the offerees) to adequately assess the proposals as they related to each offeror.