924 So.2d 3 (2005)
1 NATION TECHNOLOGY CORP., a Florida corporation, and Rick McKay, individually, Appellants,
v.
A1 TELETRONICS, INC., a Florida corporation, Appellee.
No. 2D04-2947.
District Court of Appeal of Florida, Second District.
October 19, 2005.
*4 Darryl R. Richards, of Johnson, Pope, Bokor, Ruppel & Burns, L.P., Tampa, for Appellant 1 Nation Technology Corp.
John H. Rains, III, of John H. Rains, III, P.A., Tampa, for Appellant Rick McKay.
Richard C. McCrea, Jr., and Scott T. Silverman, of Zinober & McCrea, P.A., Tampa, for Appellee.
CASANUEVA, Judge.
1 Nation Technology Corp. and Rick McKay, defendants in the trial court, appeal from an order denying them costs as prevailing parties pursuant to section 57.041, Florida Statutes (2002). They also contend that the trial court erred in denying them attorney's fees and costs in accordance with their offer of judgment pursuant to section 768.79, Florida Statutes (2002), and Florida Rule of Civil Procedure 1.442. We affirm in part and reverse in part.

I. Procedural History
Asserting tortious interference with an employment contract and tortious interference with its business relationships, A1 Teletronics, Inc. sued 1 Nation and its president, Rick McKay. A1 also sought an injunction against the defendants. Prior to trial, the defendants served A1 with an offer of judgment pursuant to section 768.79 in the amount of $50,000. A1 rejected the offer and proceeded to trial. Following a jury verdict of no liability on the part of the defendants, the defendants sought to recover their attorney's fees and costs incurred since the date of their offer. The trial court denied them fees and costs, finding that their offer was deficient because it failed to state with particularity all nonmonetary terms, namely that the offer failed to mention A1's request for injunctive relief. The trial court also denied the defendants their costs as prevailing parties.

II. Costs Based on Prevailing In The Trial Court
The defendants first contend that it was error for the trial court to deny them all their costs as prevailing parties in this litigation, as contemplated in section 57.041. A1 has conceded error on this point.

III. Fees and Costs Based On The Offer of Judgment
Because it is critical to the resolution of this case, we set forth the exact language of the defendants' offer of judgment that is relevant to this appeal.
2. This proposal is being made to resolve all claims that are or may be made by the Plaintiff against all Defendants in this action arising out of the incident or incidents that gave rise to Plaintiff's Complaint, including all direct and derivative causes of action that are, or may be maintained by Plaintiff against Defendants.
3. The relevant conditions of this Offer/Proposal are that the Parties will execute a Mutual General Release of All Claims against each other; and direct their attorney to execute a Joint Stipulation for Dismissal and signed Final Disposition Form to conclude the present lawsuit.
4. The total amount of the Offer/Proposal is Fifty Thousand and no/100 Dollars ($50,000.00), which shall be paid by Defendants to Plaintiff. Defendants will *5 be jointly and severally responsible for a single payment of $50,000.00. This payment does not include any claims for punitive damages. The Defendants are not offering any amount for the Plaintiff's claimed punitive damages.
5. The Offer/Proposal is to include the settlement of all current and potential attorney's fees and costs.
Rule 1.442 implements section 768.79, which authorizes an award of attorney's fees and costs when a defendant files an offer of judgment that is not accepted by a plaintiff and the final judgment is of no liability or an amount at least twenty-five percent less than the offer. In this case, the jury returned a verdict of no liability on the part of the defendants, so there is no dispute that the mathematical requirements of section 768.79 are satisfied. Rather, the dispute centers on whether the offer is legally sufficient to support an award of fees and costs. They disagree about whether the offer complies with the requirements of rule 1.442(c)(3) that a joint offer state "the amount and terms attributable to each party." They also disagree about whether the offer complies with the requirement of rule 1.442(c)(2)(D) that a proposal "state with particularity all nonmonetary terms and conditions." The trial court found that the defendants' offer complied with the former requirement but not the latter; it erred on both points.

A. Particularity Requirement As To The Parties
In deciding whether the joint offer pursuant to rule 1.442(c)(3) stated the amount and terms attributable to each defendant, the trial court, relying on our decision in Barnes v. Kellogg Co., 846 So.2d 568 (Fla. 2d DCA 2003), and the fact that the theory of liability between the defendants was one of vicarious liability, found the offer legally sufficient because the offer stated that "[d]efendants will be jointly and severally responsible for a single payment of $50,000.00." Recently, the Florida Supreme Court overruled Barnes in Lamb v. Matetzschk, 906 So.2d 1037 (Fla.2005), which, in turn, requires that we reverse the trial court.[1]
The supreme court resolved a conflict between this court and the Fifth District as follows:
The issue in this case is whether the combined effect of rule 1.442 and Willis Shaw [Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276 (Fla.2003)], prohibits undifferentiated offers of judgment from one plaintiff to two defendants, even when one of the two defendants is alleged to be only vicariously liable. . . . The Second District [found in Barnes] that the rule did not prohibit a joint offer of settlement when the settlement is attributed jointly and severally to the defendants. This holding is in direct conflict with the Fifth District's holding in [Matetzschk v. Lamb, 849 So.2d 1141 (Fla. 5th DCA 2003),] that a joint offer of settlement must differentiate the amount attributable to each party, even where one party is only liable vicariously.
. . . .
Rule 1.442(c)(3) expressly requires that a joint proposal of settlement made to two or more parties be differentiated. *6 The rule makes no distinction between multiple plaintiffs and multiple defendants, nor does it make any distinction based on the theory of liability. Therefore, we approve the decision of the Fifth District in Matetzschk and disapprove of the decision of the Second District in Barnes to the extent it is inconsistent with this opinion.
Lamb, 906 So.2d at 1040-42.
Regardless of the fact that 1 Nation was vicariously liable for Mr. McKay or that the offer stated they would be jointly and severally responsible for the settlement amount, because the offer they presented to A1 did not differentiate between the two offerors, the offer did not comply with the clarification of rule 1.442(c) made by the supreme court in Lamb. Thus, the defendants were not entitled to fees and costs based on this offer of judgment.

B. Particularity As To Nonmonetary Terms
Although this subissue is moot after the supreme court's clarification in Lamb and our conclusion that the offer was deficient as to the particularity in respect to the parties, we note that the trial court erred in finding that the offer was facially insufficient for failure to comply with the requirements of rule 1.442(c)(2)(D) that the offer "state with particularity all nonmonetary terms and conditions." We have previously stated that rule 1.442(c)
intends for a proposal for judgment to be as specific as possible, leaving no ambiguities so that the recipient can fully evaluate its terms and conditions. United Serv. Auto. Ass'n v. Behar, 752 So.2d 663, 665 (Fla. 2d DCA 2000). Furthermore, if accepted, the proposal should be capable of execution without the need for judicial interpretation. Proposals for settlement are intended to end judicial labor, not create more.
Lucas v. Calhoun, 813 So.2d 971, 973 (Fla. 2d DCA 2002). In a similar case, we have noted that the dismissal of a lawsuit is a proper and relevant condition in an offer of judgment. RDR Computer Consulting Corp. v. Eurodirect, Inc., 884 So.2d 1053, 1057 (Fla. 2d DCA 2004).
Here, the trial court found that the offer failed to specifically address A1's claim for injunctive relief, rendering the offer fatally defective. The term "particularity" as used in rule 1.442(c) means that the offeror must provide "specific details" of any condition or nonmonetary term. Lucas, 813 So.2d at 973; Swartsel v. Publix Super Mkts., Inc., 882 So.2d 449 (Fla. 4th DCA 2004). We do not agree with the trial court's finding because the defendants' offer, especially when read as a whole, provides the particularity the rule requires. Paragraph two states that the proposal intends "to resolve all claims" made by A1 "in this action arising out of the incident giving rise to the Plaintiff's complaint." A1's request for an injunction is a claim for relief made by the plaintiff in the pending action, which arose from the incident that was the focus of the lawsuit. Further, paragraph three requires A1 to execute a general release of all pending claims and a dismissal of the case with prejudice so that the entire case may be brought to a close. The offer clearly encompasses the resolution of the injunction claim because it seeks to settle all claims, which necessarily includes the claim for injunction. The offer presents no ambiguity, and the recipient can fully evaluate the offer without judicial interpretation or intervention.
*7 The trial court based its conclusion that the offer lacked the necessary particularity on RLS Business Ventures v. Second Chance Wholesale, Inc., 784 So.2d 1194 (Fla. 2d DCA 2001). We find this case distinguishable. In RLS, Second Chance was one of the plaintiffs and had two claims pending against RLS Business Ventures. Another plaintiff also had two claims pending against RLS. RLS, on the other hand, had asserted various counterclaims and third party claims. We concluded that the offer was deficient because it failed to identify which of the pending claims was contemplated in the offer. Second Chance's offer merely stated, "Counter-defendants. . . offer judgment to Counter Plaintiff RLS Business Ventures, Inc., in the total amount of $50,000.00 inclusive of court costs and attorneys fees." Second Chance's failure to specify which claims were encompassed in the offer created an ambiguity that the recipient could not resolve. In comparison, 1 Nation's and McKay's offer unambiguously specifies that it applies to all claims pending before the court. The defendants' offer to dispose of all claims in the case for $50,000 requires no judicial interpretation.

IV. Conclusion
The offer that 1 Nation and McKay served on A1 was sufficiently particular in its nonmonetary terms to satisfy the requirements of rule 1.442(c)(2)(D). However, because the offer failed to differentiate the amounts attributable to each offeror under subsection 1.442(c)(3) sufficiently to satisfy the Florida Supreme Court's recent pronouncements in Lamb, the defendants are not entitled to an award of their reasonable attorney's fees and costs based on their offer of judgment. They are entitled to their costs as prevailing parties under section 57.041, as A1 has conceded.
Reversed and remanded with instructions to award the defendants their costs as prevailing parties under section 57.041.
STRINGER, J., and DANAHY, PAUL W., Senior Judge, concur.
NOTES
[1] Although the trial court disagreed with our reasoning in Barnes v. Kellogg Co., 846 So.2d 568 (Fla. 2d DCA 2003), presciently as it turned out, it felt constrained to follow it and find that the offer met the rule's requirement about differentiating between the parties, as Barnes was the controlling law in this district at the time.