914 So.2d 462 (2005)
D.A.B. CONSTRUCTORS, INC., and Cornell B. Cox, Appellant,
v.
John P. OLIVER, Appellee.
No. 5D04-3661.
District Court of Appeal of Florida, Fifth District.
October 21, 2005.
Bureus Wayne Argo of Weiner & Argo, P.A., Ocala, for Appellant.
Jennifer R. McRae and T. Bradley McRae of McRae & McRae, Lake City, for Appellee.
SHARP, W., J.
D.A.B. Constructors, Inc., and Cornell Cox, the defendants below, appeal from the denial of their motion for attorney's fees based upon their joint proposals of settlement made to John Oliver and his wife Teresa Oliver, the plaintiffs below, which the trial court ruled were invalid. In light of the extremely broad language in the Florida Supreme Court's recent opinion in Lamb v. Matetzschk, 906 So.2d 1037 (Fla.2005), we are constrained to affirm the trial court's ruling.
The facts in this case are not in dispute. On July 20, 1999, Cox and John Oliver were involved in a motor vehicle collision. Cox, an employee of D.A.B., was driving D.A.B.'s vehicle within the scope of his *463 employment. Oliver filed a single count personal injury complaint against D.A.B. and Cox, jointly and severally. The complaint was later amended to add Teresa Oliver as a co-plaintiff, added a count for loss of consortium and again asserted joint and several liability.
On November 5, 2001, the defendants made a joint proposal for settlement to John to settle all claims raised in the action. On the same day, the defendants made a joint proposal for settlement to Teresa to settle all claims raised in the action. Each proposal addressed all of the matters required under Florida Rule of Civil Procedure 1.442,[1] except that neither apportioned the amount of the offer between the defendants. Neither proposal was accepted.
On April 9, 2002, the Olivers filed a second amended complaint. On December 5, 2002, the defendants again made joint proposals for settlement to each of the Olivers. Each proposal sought to settle all claims raised in the action and otherwise complied with the requirements of rule 1.442, but did not apportion the amount of the offer between the defendants. Neither proposal was accepted.
On January 16, 2003, the defendants again filed joint proposals for settlement. Once again, neither proposal was accepted.
The case proceeded to trial and resulted in a directed verdict in favor of the defendants. The trial judge reserved ruling on the defendants' entitlement to attorney's fees pending resolution of the appeal. This court subsequently affirmed the directed verdict. Oliver v. D.A.B. Constructors, Inc., 876 So.2d 575 (Fla. 5th DCA 2004).
The trial judge later heard argument of counsel regarding the defendants' entitlement to attorney's fees, and denied the motion after finding the proposals for settlement were invalid. The judge concluded the proposals were invalid because they did not comply with section 768.79, Florida Statutes, Rule 1.442 or the Florida Supreme Court's holding in Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276 (Fla.2003), as interpreted by this court in Matetzschk v. Lamb, 849 So.2d 1141 (Fla. 5th DCA 2003).
Section 768.79, Florida's offer of judgment statute, is implemented by rule 1.442. Specifically, rule 1.442(c)(3) provides:
A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party.
The language must be strictly construed because the statute and rule are in derogation of the common law rule that each party pay its own fees. See, e.g., Major League Baseball v. Morsani, 790 So.2d 1071, 1077-78 (Fla.2001).
In Lamb v. Matetzschk, 906 So.2d 1037 (Fla.2005), the Florida Supreme Court recently *464 reviewed this court's decision in Matetzschk which had certified conflict with Barnes v. The Kellogg Co., 846 So.2d 568 (Fla. 2d DCA 2003). Barnes involved the same scenario as this case  two defendants, jointly liable, who made an undifferentiated offer to one plaintiff. The Second District concluded that such an offer was valid, finding that rule 1.442 did not prohibit a joint offer of settlement when the settlement is attributed jointly and severally to the defendants. This holding was in conflict with our holding in Matetzschk that a joint offer of settlement must differentiate the amount attributable to each party, even where one party is only liable vicariously.
Although the facts in Barnes had been misstated in our Matetzschk case, the supreme court stated the facts correctly. The majority opinion then approved our holding and disapproved Barnes:
As we have already stated, the plain language of rule 1.442(c)(3) mandates that a joint proposal for settlement differentiate between the parties, even when one party's alleged liability is purely vicarious. Thus, to the extent that Barnes holds otherwise, we disapprove of that decision.
* * * * * *
Rule 1.442(c)(3) expressly requires that a joint proposal of settlement made to two or more parties be differentiated. The rule makes no distinction between multiple plaintiffs and multiple defendants, nor does it make any distinction based on the theory of liability. Therefore, we approve the decision of the Fifth District in Matetzschk and disapprove of the decision of the Second District in Barnes to the extent it is inconsistent with this opinion. (emphasis added)
906 So.2d at 1042.
Based on the emphasized language above, it appears that a joint proposal for settlement must differentiate between the defendants even when one defendant's liability is vicarious only. In her specially concurring opinion, Chief Justice Pariente questioned why this differentiation is needed when one defendant is vicariously liable and suggests the rule be changed. As Chief Justice Pariente observed:
. . . in other cases where the liability of one defendant is based on vicarious liability and the issue of vicarious liability is undisputed, apportionment of the offer between the active tortfeasor and the vicarious tortfeasor is problematic because the liability of both defendants is not apportioned but is coextensive.
906 So.2d at 1044.[2]
In our opinion, it makes no sense to require that an offer be differentiated when the offer originates from one plaintiff to two defendants, one of whom is vicariously liable or jointly or severally liable (the Matetzschk case) and also when an offer is made to one plaintiff from two defendants, one of whom is jointly and severally liable or vicariously liable (the Barnes case and this case). Logic and common sense lead to the conclusion that neither need be differentiated. But logic *465 and common sense also indicate the two scenarios should be resolved the same.
AFFIRMED.
MONACO, J., concurs.
PETERSON, J., dissents with opinion.
PETERSON, J., dissenting.
I respectfully dissent. This action resulted in a trial in which a directed verdict was granted against the plaintiffs, John P. Oliver and Teresa Oliver, his wife, which was affirmed by this court. Oliver v. D.A.B. Constructors, Inc., 876 So.2d 575 (Fla. 5th DCA 2004). D.A.B. Constructors, Inc., ("D.A.B."), and Cornell P. Cox then sought an award of attorney's fees pursuant to their proposal of settlement, but the trial court denied an award reasoning that each of those two co-defendants failed to comply with section 768.79, Florida Statutes, rule 1.442 and Willis Shaw Express v. Hilyer Sod, Inc., 849 So.2d 276 (Fla.2003), as interpreted by this court in Matetzschk v. Lamb, 849 So.2d 1141, 1144 (Fla. 5th DCA 2003); and Meyer v. Hutchinson, 861 So.2d 1185 (Fla. 5th DCA 2003) by failing to specify the amount to be paid by each of the co-defendants.
Section 768.79, Florida Statutes, Florida's offer of judgment statute, is implemented by rule 1.442. Specifically, rule 1.442(c)(3) provides:
A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party.
The language must be strictly construed because the statute and rule are in derogation of the common law rule that each party pay its own fees. See, e.g., Major League Baseball v. Morsani, 790 So.2d 1071, 1077-78 (Fla.2001).
Willis Shaw involved an undifferentiated offer of settlement made by multiple plaintiffs to a single defendant. The Florida Supreme Court held that under rule 1.442 an offer from multiple plaintiffs must apportion the offer among the plaintiffs. In Matetzschk, a single plaintiff made an undifferentiated offer of settlement to two defendants, one of whom was allegedly vicariously liable for the acts of the other. This court held that Willis Shaw was applicable whether the offer emanates from joint plaintiffs or is directed to joint defendants, and stated that "logic requires differentiated offers of settlement, even in cases of alleged vicarious liability." In reaching its decision, this court certified conflict with Barnes v. Kellogg, 846 So.2d 568 (Fla. 2d DCA 2003), but erroneously noted that Barnes held that rule 1.442 did not bar an undifferentiated offer of settlement from one plaintiff to two defendants. In fact, Barnes, like the instant case, involved a joint, undifferentiated offer made by two defendants, one of whom was vicariously liable for the acts of the other, to a single plaintiff. In Meyer v. Hutchinson, 861 So.2d 1185 (Fla. 5th DCA 2003), this court held that undifferentiated joint proposals for settlement of separate personal injury claims made by two plaintiffs to a single defendant are void under Willis Shaw.
In Lamb v. Matetzschk, 906 So.2d 1037 (Fla.2005), the Florida Supreme Court attempted to resolve the apparent conflict between Barnes and Matetzschk, broadly holding that "a joint proposal for settlement must differentiate between the parties even when one party's alleged liability is purely vicarious." Ostensibly, the Court's decision appears to require that we affirm the trial court's denial of attorney's fees in the instant case. However, the specific question considered by the Supreme Court in Lamb was "whether the *466 combined effect of rule 1.442 and Willis Shaw prohibits undifferentiated offers of judgment from one plaintiff to two defendants, even when one of the defendants is alleged to be only vicariously liable." Id. at 1040. (emphasis added). The Court concluded that "rule 1.442(c)(3) expressly requires that a joint proposal for settlement made to two or more parties be differentiated." Id. at 1042. The Court's opinion does not clearly address the factual scenario presented in the instant case; i.e., whether a joint offer of settlement made by two defendants, one of whom is undisputedly vicariously liable for the acts of the other, to a single plaintiff is valid.[3] For the following reasons, I believe that such an offer should be valid.[4]
The mandate issued in Willis Shaw and its progeny presupposes that an offer is capable of being apportioned; i.e., fault can be allocated among negligent defendants whose conduct caused the plaintiff's injury. To be joint tortfeasors, each actor must have committed some wrong that results in an injury or damage to another. See, e.g., Jackson v. York Hannover Nursing Centers, 876 So.2d 8 (Fla. 5th DCA 2004). However, a vicariously liable defendant is without fault, but is jointly responsible to the plaintiff to the same extent as the other defendant based solely on a relationship shared with the defendant. See, e.g., Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla.1981); Association for Retarded Citizens-Volusia, Inc. v. Fletcher, 741 So.2d 520 (Fla. 5th DCA 1999). Fault cannot be divided into percentages as contemplated in Willis Shaw, section 768.81 or rule 1.442 because both defendants are completely responsible for the injury to the plaintiff. See, e.g., Grobman v. Posey, 863 So.2d 1230 (Fla. 4th DCA 2003) (noting that a vicarious liability theory of recovery does not trigger application of the comparative fault statute). Indeed, in her concurring opinion in Lamb, Justice Pariente identified the factual differences between the proposals offered in Barnes and Matetzschk and noted that where both defendants are jointly and severally liable for all damages, "no matter how clever a defendant or plaintiff might be in attempting to frame an offer, the reality is that there is no rational method to apportion fault." Lamb, 906 So.2d at 1044. Likewise, Justice Lewis added that "requiring the apportionment of an offer of settlement between multiple defendants when the liability of one is based solely and exclusively on a theory of vicarious liability is most problematic because the liability of the defendants in that context is *467 coextensive and therefore incapable of being realistically apportioned." Id. at 1045.
Apportionment is necessary to permit the offeree to adequately assess a proposal as it relates to each offeror, and to permit the trial judge to determine the amount attributable to each party and assess whether judgment against only one of the parties was at least 25% more or less than the offer. However, where the vicarious liability of one defendant is not disputed, the logical basis for requiring apportionment vanishes. Because each defendant is completely liable for the total damages, the trial judge can easily assess whether the award was 25% more or less than the offer. Although issues of indemnity could exist between the defendants, that should not concern the plaintiffs. See, e.g., Horowitz v. Laske, 855 So.2d 169 (Fla. 5th DCA 2003). The plaintiff, having filed a claim under a theory of vicarious liability, knows or should know that each party is completely liable for the plaintiff's injury. A joint proposal under those circumstances does not prevent a meaningful evaluation of the offer by the plaintiff or in any way impede settlement. In my view, the failure to specify an amount to be contributed by each defendant is harmless where total recovery is available from either defendant.
I conclude that the trial court erred by declaring D.A.B. and Cox's settlement proposals invalid based on Willis Shaw, as interpreted by this court in Matetzschk and Meyer. Willis Shaw did not address the need to apportion responsibility between defendants where one of the defendants is undisputedly vicariously liable for the acts of the other, and its application should be restricted to the particular facts of that case. The Florida Supreme Court's recent decision in Lamb is distinguishable on its facts and does not require this court to affirm the trial court's order.
I would vacate the order denying attorney's fees and remand to the trial court for further proceedings.
NOTES
[1] Rule 1.442(c)(2) provides that a proposal shall: (A) name the party or parties making the proposal and the party or parties to whom the proposal is being made; (B) identify the claim or claims the proposal is attempting to resolve; (C) state with particularity any relevant conditions; (D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal; (E) state with particularity the amount proposed to settle a claim for punitive damages, if any; (F) state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim; and (G) include a certificate of service in the form required by rule 1.080(f). Rule 1.422(c)(3) provides that "A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party."
[2] In Heymann v. Free, 913 So.2d 11 (Fla. 1st DCA 2005), the First District agreed with Chief Justice Pariente's concern that requiring a unified offer of judgment to apportion fault between equally liable defendants may not promote settlements. In fact, the invalidation of such offers will discourage settlements. Such a result is contrary to the legislative intent to encourage settlements through offers of judgment, as clearly expressed in section 768.79. The First District then called upon the Florida Supreme Court to consider whether rule 1.442 should be amended to align with the legislative intent and to better state the requirements for a valid offer of judgment.
[3] The Lamb Court disapproved of Barnes "to the extent it is inconsistent with this opinion." This holding is problematic because the Court's opinion initially adopts the factual error contained in Matetzschk, but later cites the Barnes facts correctly without addressing the original error. Thus, it is unclear whether the Court's disapproval of Barnes is based on a determination that all joint offers must be differentiated, or is based on an incorrect application of the facts in Barnes. However, the Court's conclusion that "rule 1.442(c)(3) expressly requires that a joint proposal of settlement made to two or more parties be differentiated" implies that some undifferentiated joint proposals made by two or more parties may be valid.
[4] Following its decision in Willis Shaw, the Florida Supreme Court recommended against adopting a proposal to "specifically excuse apportionment requirements in proposals for settlement directed to parties alleged to be vicariously, constructively, derivatively or technically liable." See Amendments to the Florida Rules of Civil Procedure, 858 So.2d 1013 (Fla.2003). However, the Court did not consider whether joint offers made by two defendants, one of whom is vicariously liable for acts of the other, need to be apportioned among the offerors.