MAY, C.J.
In the downturn of today’s real estate market, we encounter a dispute between the buyer and seller of a pre-construction condominium unit. The trial court entered summary judgment for the buyer, from which the seller now appeals. The seller argues that the sales contract for the pre-construction condominium unit is authorized in Florida, and there was no legitimate basis to revoke the contract, pursuant to the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 et seq. (2006) [ILSFDA]. We agree and reverse.
In Fall 2006, the buyer entered into a contract for the purchase of a pre-con-struction condominium unit. In September 2008, the buyer filed suit to revoke the contract under ILSFDA. The basis for the. revocation was an alleged non-compliance with section 718.109, Florida Statutes (2006), which defines the legal description for condominium parcels as including “recording data” for the Declaration. The buyer argued that because the sales contract failed to provide a legal description as defined by section 718.109, it ran afoul of section 1708(d)(1) of ILSFDA, allowing for revocation of the contract. The trial court entered summary judgment for the buyer and revoked the contract.[1]
We have de novo review of this summary judgment. Cohen v. Arvin, 878 So.2d 403, 405 (Fla. 4th DCA 2004). As no one disputes the facts, we must determine whether the judgment was correct as a matter of law.
It is first necessary to understand the nature and content of the statutes at issue. “ILSFDA is an antifraud statute utilizing disclosure as its primary tool....” Winter v. Hollingsworth Props., Inc., 777 F.2d 1444, 1447 (11th Cir.1985). It applies to the sale of condominium units. Id. at 1449.
Section 1703(d) of ILSFDA provides:
Any contract or agreement which is for the sale or lease of a lot ... which does not provide—
(1) a description of the lot which makes such lot clearly identifiable and which is in a form acceptable for recording by the appropriate public official responsible for maintaining land records in the jurisdiction in which the lot is located;
[[Image here]]
may be revoked at the option of the purchaser or lessee for two years from the date of the signing of such contract or agreement.
15 U.S.C. § 1703(d)(1) (emphasis added). This section provides a two-year period for revocation of an agreement if the description of the lot is not “in a form acceptable for recording.”
Section 718.109, Florida Statutes (2006), provides: “Following the recording of the declaration, a description of a condominium parcel by the number or other *926 designation by which the unit is identified in the declaration, together with the recording data identifying the declaration, shall be a sufficient legal description for all purposes.” § 718.109, Fla. Stat. (2006) (emphasis added). Using this provision, the buyer successfully argued to the trial court that the lack of “recording data” meant that the description of the lot was not “in a form acceptable for recording” under ILSFDA.
The seller argues the contract complied with ILSFDA’s requirements because section 718.109, by its very wording, does not apply if the declaration has not been recorded. Further, the buyer received a copy of the unrecorded declaration along with the prospectus and contract, more than sufficient information to satisfy ILSFDA.
Recently, this very issue was addressed in Taplett v. TRG Oasis (Tower Two), Ltd., L.P., 755 F.Supp.2d 1197 (M.D.Fla.2009). Similar to our facts, the buyer in Taplett attempted to revoke the sales contract of a pre-construction condominium, based in part on the lack of “recording data,” as required by section 718.109. Id. at 1204-05. The District Court noted that Florida permits the sale of pre-construction condominiums prior to the filing of the Declaration. Id. at 1204; § 718.504(24)(a), Fla. Stat. (2006). The court also recognized that section 718.109 does not apply until the Declaration is recorded. Id. at 1204-05.
While the contract did fail to reference the declaration’s “recording data”, [the seller] actually gave more: the proposed declaration itself along with a contractual obligation to file it prior to closing. To penalize a developer for giving the entire document rather than a mere identifying reference (required so that the same document could be found) would be absurd.
In any event, ILSFDA is not aimed at ensuring technical compliance with state recording statutes. Rather, its focus is preventing fraud through the disclosure of pertinent information. Under Florida’s statutory scheme, it is the Declaration, not the later condominium parcel filing, that contains the relevant disclosures and descriptions of property. Given [the seller’s] disclosure of the proposed Declaration (which included a property description and other information) and its compliance with Florida’s statutory framework [section 718.504(24)(a) ], this Court finds no violation of § 1703(d)(1).
Id. at 1205.
We find the District Court’s analysis applies equally here. The buyer received the actual proposed declaration, which was included in the prospectus, the unit number, address, development name, site map, and floor plans, thereby making the property purchased “clearly identifiable” and “in a form acceptable for recording.” These documents were incorporated into the contract, pursuant to paragraph 39. The seller actually gave the buyer more information than required by section 1703(d)(1). Accordingly, the legal description of the unit in the contract complied with ILSFDA. The information was sufficient for the buyer to clearly identify the particular unit and was “in a form acceptable for recording” under Florida law. See Taplett, 755 F.Supp.2d at 1205.
We therefore reverse the final summary judgment in favor of the buyer and remand the case to the trial court to enter *927 summary judgment for the seller.[2]

Reversed and Remanded.

HAZOURI and CIKLIN, JJ., concur.

. The proceedings were not quite so simplistic, but involved a number of motions and hearings. The procedural history has not been included as it adds nothing to the law, the opinion, or the outcome of the case.

. We find no merit in the buyer’s alternative argument that the buyer was entitled to revoke the agreement based on the seller's failure to satisfy the notice of default provision of section 1703(d)(2) as the issue was not preserved.